Judge Wright
delivered the opinion of the court.
The first question presented by this record is this: Was the-evidence offered on the part of the plaintiffs below competent, and did it tend to establish the issue on their part? The evidence-offered were several records, duly authenticated, which unquestionably conduced to prove the allegations in the declaration. It may be said that under the issue of non est factum, the plaintiffs-below were not bound to give evidence of the proceedings upon the writ of error. If is true the plea only denies the execution of the bond; but the undertaking by the plaintiffs below to prove more-than was necessary for them did not inj ure the defendants below. If the proof was only supererogatory, they can not object. *Their right to complain attaches in no case, except the evidence admitted against them operated to their injury, and was objected to at the time of the trial. The bill of exceptions seems to be taken to the whole evidence, written and parol; and the counsel for the - plaintiffs in error has made no specification of the part he deems inadmissible. His objections are to the effect of the whole evidence given under the issue. It is admitted to be the duty of the-court to judge what written evidence proves. But the jury judge- *156 of the effect of parol testimony. A party who substitutes the judges of the eo?irt for a jury, to ascertain facts under our lawcan not object, before this court, the mistakes of those judges, in drawing conclusions, any more than he could the like error of a jury, in a case submitted to their decision. Carver v. Astor, 4 Pet. 180.
The next question to be considered is: Whether any evidence was admissible under the defendants’ notice? The law of Ohio, vol. xxii. 220, ch. 61, and p. 290, ch. 67, provides, “ that it shall be lawful for the defendant in any action to plead - the general issue, -and give any 'special matter in evidence, which, if pleaded, would be a bar to such action, giving notice with the same plea of the matter or matters so intended to be given in evidence.”. The -notice required by this act must be of matter which, if pleaded, would bar the action. The pleader, in framing a notice, should .ask himself: Does this matter constitute a legal bar? If so, how shall it be set forth to apprise my adversary of the real defense, and secure my client exemption from objections good on special -demurrer ? This form of pleading has not, in my opinion, improved the practice. It confers upon defendants nothing but security against the operation of a special demurrer, whose main office is to point out legal defects, and afford opportunity for their remedy by amendment. Whereas it exonerates a plaintiff from selecting one of the many matters he may wish to rely upon in his replication, and from exposing on the record the legal objections he intends to make, and leaves him at liberty, on the trial, to introduce proof of as many matters in opposition to the notice ■as he pleases, and to rely upon one or all of them; or the option ■ of suddenly springing upon his opponent objections to the notice, to the exclusion of all the ^testimony offered, and of the ■entire defense. The notice in the case below would, in our opinion, be bad on general demurrer. It does not attain that certainty required to inform the plaintiff below of the intended defense, and ■so no evidence whatever was receivable under it. This opinion is ■sustained by the uniform decisions of the Supreme Court on the circuit, and by decisions in other states under similar statutes. Lawrence v. Kneis, 10 Johns. 142; Shepard v. Merrel, 13 Johns. 476; Chamberlaine v. Goshen, 20 Johns. 145, 746; Tate v. Welling, 2 Term, 537.
But suppose the notice, as to the fact of the levy of an execution, upon the original judgment, on lands of one of the judgment *157 debtors, which remained unsold, was sufficiently certain to constitute a bar, then the admission of the fact on the trial fully proves it, and the question remains: Would that fact bar the-plaintiff’s recovery? The case of Cass v. Adams, 3 Ohio, 223, is. relied upon as fully establishing the sufficiency of such a bar. The question made in that case was, whether the taking of goods and chattels in execution, while the levy continued in force, should be deemed a legal satisfaction of the judgment, and constitute a bar to a subsequent suit. The court decided it was a bar. In the report of the opinion, this language is used, which is relied upon by counsel: “ The arrest of the defendant on a ca. sa. is a satisfaction, though no money be paid; so is the levy of an execution upon goods or land, whilst the levy is in force and undisposed of.” So fab as the opinion speaks of a levy on goods, it is, upon the • case before the court, and upon the point, decided; and, in the opinion of this court, is sustained by authority and reason. The taking the body of a defendant in execution is, in law, esteemed the highest species of satisfaction; and therein we concur with the opinion. The term land, introduced into the report, must have been inadvertently used. Neither the case then in hearing, nor the discussion, embraced a levy on land, and it could not have been within the intention of the court to decide that question. The distinction between a levy upon chattels and a levy upon lands is manifest, and may be sustained by authority. The reason why the first should be held a satisfaction of the judgment, while the •second is not to be so held, will' be obvious, *on slight reflection or examination. The possession of goods is changed by a levy on execution. They are taken from the defendant, and placed in the custody of the officer; and, in that way, are appropriated to the payment of the judgment. Such is not the case where land is levied upon. It remains in the possession of the defendant, and he continues in the perception of the rents and profits. 2 Ld. Raym. 1072; 2 Saund. 344; 1 Salk. 322; Cro. Eliz. 391; 1 Johns. 45; 2 Johns. 248; 7 Johns. 423; 12 Johns. 207; Ladd v. Blunt, 4 Mass. 402. In the latter case the precise point now made was decided. That able jurist, Chief Justice Parsons, in giving the opinion of the court in that ease, says: “ Where the debtor pleads satisfaction of the judgment (by extent of land) he must prove that the extent was legally made, seizin delivered, and a return of the extent.” By the law of Massachusetts, land. *158 is set off on execution to the acceptance of the creditor. The •sheriff delivers seizin, and, until that is done, the title of the judgment debtor is not affected. In Ohio, neither the levy on land, nor the sale and conveyance under it, effects a transfer of the possession from the judgment debtor.' The officer has no power to put the purchaser into possession. The law here leaves him to his ejectment, or other legal means of obtaining possession ; and the judgment creditor has nothing to do with accepting the levy. His claim extends only to the proceeds. From this difference, it seems to us that the Massachusetts law affords a much stronger reason for maintaining that a levy should be held a satisfaction than the Ohio law. Another case has been decided in Pennsylvania, Patterson v. Swan, 9 S. & R. 16. That was a suit against bail, who pleaded a levy upon the lands of the principal as a satisfaction, but the court decided that such, a levy was no satisfaction ; and so that the plea set up no matter to discharge the bail. The authorities fully maintain the distinction between a levy on goods, and upon land, and establish the position that nothing short of a sale of land under a levy, can be held a satisfaction. We are unanimously of opinion that such is the law.
Five objections are urged to the declaration below: 1. The want • of an averment that an execution had been issued upon the original judgment, and returned no goods, ^before suit brought. 2. That the bond refers only to the judgment of revivor in 1827, and has no relation to the original judgment in favor of Rogers. 3. That the condition of the bond is not framed .according .to the law of the state. 4. That the bond, as set out,is without consideration and void. 5. The want of an averment that the plaintiffs in error obtained a writ of supersedeas to the judgment of 1823.
First. The general assembly has provided (29 Ohio L. 108; 22 Ohio L. 115) that before suit is brought against the security, upon appeal or injunction bond, execution shall be issued against the principal debtor and returned no goods or lands sufficient to satisfy the judgment. And where joint judgments are rendered upon written instruments, and it be proven to the court at the time of the judgment that one or more of the defendants are bail for a co-defendant, the elexxk shall certify which of the defendants are principals and which security, and shall issue execution, com.manding the officer to make the money, first of the principal, and *159 only of the surety when there is not sufficient property of the principal to make the debt. 22 Ohio L. 114; 29 Ohio L. 108. It will be perceived at once that neither of these acts embrace the case at bar; and no provision has been made, within our knowledge, requiring execution on writ of error bonds before the surety can be sued, and none is cited to us. If the case at bar be one omitted by the legislature, as counsel urge, application should be made to that body, not to this court, to supply the omission.
Second. Does the condition of the bond refer to. the original judgment? That was the only effective judgment in the cause. It was against that the defendants must have sought relief by the writ of error. The judgment of revivor had no other effect than to make the executors of Rogers parties to the judgment recovered by him in his lifetime, and to confer upon them power to enforce the execution of it. The judgment of revivor only gave life and force to the original judgment, which had become dormant by the death of the plaintiff. If the bond be held to extend to. that, judgment, the construction will carry it no farther than to embrace the only judgment there was in effect; that recovered by the testator and revived to his executors. How could *the judgment of revivor injure the defendants unless by imparting life to the dormant judgment? The plaintiffs in error and the court so understood it. The plaintiffs assigned errors on both the judgments, and prayed for the- reversal of both. Issue was taken on both, and judgment-rendered on both issues. Does it lie with the plaintiffs in error now, after having sued their writ under the bond upon both the judgments, and compelled their adversaries to meet and defend both until the judgment is had upon the proceeding, to say he did not give the bond, the incipient step in the whole proceeding in but one of the judgments, and to limit its application to the only one which could never have injured him in any possible way except by acting upon the other? We think not. But if the Supreme Court, in the judgment it gave, did fall into error, we have no authority to correct their errors, nor has the court power to allow writs of error to itself.
Third. The objection of the want of conformity in the bond with the statute is not a, new one. The statute, 22 Ohio L. 71; 29 Ohio D. 77, prescribes that the condition of the bond given on writ of error, shall be the payment of the condemnation money and costs, if the judgment be affirmed in whole or in part. The *160 condition of the bond in this case is that the plaintiffs in error shall prosecute their writ of error to effect, and abide by the judgment of the court thereon. The same objection was made in this court in Gardiner v. Woodyear, 1 Ohio, 170, and fully examined. It was decided in that case “ that the bond in question (exactly like the bond in this case) contains precisely the very terms required by the earlier statutes in such eases, and which were interpreted by the court to subject the obligors to the same' liability imposed by the existing bond and to no other. This interpretation was adopted from a clear conviction that such was the-effect which the legislature intended the terms used should have.Because the legislature have not adopted more explicit terms, the-court can not be warranted in deciding that the same terms, used for the same purpose, meant one thing in 1810 and another thing in 1820. It is, therefore, the opinion of the court that the condition is, in substance, the same as if it contained the express terms now ^required by the statute.” With this decision we are satisfied, and the argument of counsel, in that case, so zealously urged upon us as authority, however eloquent and able, can not be received by us as of more weight than the decision of the court. See also Barret v. Reed, 2 Ohio, 409; 3 Ohio, 103.
Fourth. Can the plaintiff in error avail himself of the objection that the bond is without consideration ? It can not be necessary to waste time in reasoning to establish the position that at law a-party is not permitted to set up. the want of consideration in defense of a bond or sealed instrument. The objection has no foundation in law.
Fifth. This only remaining objection raises the question, whether it is material in a declaration on a writ of error bond to aver that the plaintiff in error had sued out a supersedeas to the judgment-below? The statutes, 22 Ohio L. 70, and 29 Ohio L. 77, contain-no provision requiring a writ of supersedeas to issue; though doubtless a writ might issue upon the application of the plaintiff in error. They do, however, contain a provision which authorizes-the universal practice of proceeding on the writ of error without a resort to a writ of supersedeas; “that the writ of error shall not operate as a supersedeas,” unless bond be filed. 29 Ohio L. 77. A party may prosecute his writ of error effectually without superseding the judgment he would reverse pending the proceeding, and rely upon the judgment of restitution on the writ of *161 error, and the process upon it to restore him to what he may have lost or may lose; or he may cause the writ of error to operate as a supersedeas by giving the required bond. The writ is solely for the benefit of the plaintiff; he may retain it or do without it at his own option. The pursuit of either course can not affect the obligation of the bond. Its validity depends upon the condition annexed by the obligors themselves on hhe prosecution of the writ of error to effect. This, we have already seen, involves the liability to satisfy the judgment and costs in case of affirmance. But were it not for the statute, the plaintiff in error on common principles could not reverse a judgment upon errors not shown to be to his prejudice, or for those committed by himself. In this case he makes not *even an attempt to show that he has been prejudiced, and the omission complained of was one of his own. There is still another conclusive answer to this objection; it is the acknowledgment of the plaintiffs themselves, in the bond, that they had obtained “writs of error and sup>ersedeas.’f This admission deliberately made, they are estopped from denying at this time. Carver v. Astor, 4 Peters, 83, 88, and the authorities there cited.
The judgment is affirmed with costs.