Wood, C. J.'•
It is insisted by -the counsel for -the defendr ant in error, that, as' this case •' was' submitted . to .the Coúrt instead of a jury to determine.the issues of .factj if the judgment is' reversed it must' be because thé- Court of .Common ■Pleas gave too much or too lit-llie credit to. the testimony introduced, and, in the opinion of this 'Court, did, not give the evidence its' proper and .legitimate .influence, pr weight, .in' its application to the facts of.-.the. cáse. If it be sought’to disturb this judgment bn this ground, the-position assumed cannot for a moment be entertained. The reason why, not, is given in several reported cases, and. need not, in this, be again' repeated from the bench. Utter v. Walker's Adm'r, Wright’s Rep. 46 ; Price v. Orange, Ibid. 568; Reynolds v. Rogers, 5 Ohio Rep. 169; Bank of Cincinnati, v. Buckingham, 12 Ohio Rep. 482.
The record, however, shows no such case as belongs propeily to that class of case's, in .which the.principle alluded to has been maintained. The record presents all the testimony adduced upon the'trial. ■ There does not appear to. have been any disagreement with Court pr counsel ps to the proof;, and,..from the facts adduced, the Court held,.thát the money received by. the plaintiff in error, in-truth, in discharge of- his own note of indemnity, and which he. -agreed .to apply on the note of the defendant in error to Knapp, was received'in a--fiduciary capacity, and' therefore not- embraced- within the terms, and -could not be-.discharged under, the bankrupt law. Not for the erro-' neous finding of á fact, but-for. deducing the' legál result from *64 the fact, that the debt was created in a fiduciary capacity, the error is assigned, and this Court is called upon to revise the judgment of the Court below. What is a fiduciary capacity, is a question of law; and if the Common Pleas erred in applying the law to the facts, the judgment is erroneous. It is, perhaps, only necessary to refer to the case of Chapman v. Forsyth et al., 2 Howard’s Rep. 202. The Supreme Court of the U. States holds this language:
“ The second point is, whether a factor, who retains the ‘ money of his principal, is a fiduciary debtor within the mean- ‘ ing of the act ?
££ If the act embraced such a debt, it will be difficult to limit ‘ its application. It must include all debts arising from agen- £ cies; and, indeed, all cases where the law implies an obliga- ‘ tion from the trust reposed in the debtor. Such a construction £ would have left but few debts on which the law could operate. ‘ In almost all the commercial transactions of the country, con- * fidence is reposed in the punctuality and integrity of the £ debtor, and a violation of these is, in a commercial sense, a £ disregard of a trust. But this is not the relation spoken of in £ the first section of the act.
££ The cases enumerated —£ the defalcation of a public offi- ‘ cer,’ ‘ executor,’ £ administrator,’ £ guardian,’ or £ trustee ’— £ are not cases of implied, but special trusts; and the £ other £ fiduciary capacity,’ mentioned, must mean the same class of £ trusts. The act speaks of technical trusts. A factor is not, £ therefore, within the act.
££ This view is strengthened, and indeed made conclusive, £ by the provisions of the 4th section, which declares that no £ £ merchant, banker, factor, broker, under-writer, of marine ‘ insurer,’ shall be entitled to a discharge £ who has not kept ‘ proper books of accounts.’ In answer to the second question, ‘ then, we say, that a factor, who owes his principal money, £ received on the sale of his goods, is not a fiduciary debtor ‘ within the meaning of the act.”
*65 If a factor is not within the act, when .he. refuses to pay to the principal the money in his hands for the sale of goods, why is the plaintiff ,in error, who received $ 100 on his own note of indemnity, but which he promised to pay in discharge of the obligation for which his was taken ? It was a debt created ; but not a special, technical, or express trust. If a trust, legally speaking, was created, a bill in equity, to compel an account and a decree for its execution, would be an appropriate remedy; but we think the most careless and unskillful solicitor would hardly dream of that form of remedy in the case at bar.

Judgment Reversed,.