Johnson, J.
The ditch in controversy was laid out and constructed under the act of April 8, 1874. 71 O. L. 124r-135.
The plaintiff having failed to construct that portion allotted to him, it was let out as the statute provides, and the cost of the work as well as his share of the expenses, was placed upon the tax duplicate to be collected as other taxes.
It is conceded that this statute is" unconstitutional, because the body of men provided for in the 16th and 17th sections of the act, to fix the compensation of owners of land, is not a constitutional jury. Smith v. A. & G. W. R. R. Co., 25 Ohio St. 91.
The law being unconstitutional, the question here is, does the petition state facts which entitle the plaintiff to an injunction?
*603 It may be assumed that tlie provisions of this statute have been substantially complied with, and that the proceedings are in all respects regular.
It is admitted that unless the plaintiff in his petition states facts which constitute a waiver or estoppel, the demurrer is not well taken.
In support of the demurrer, the claim is, that the petition states facts, showing that the plaintiff has waived the right he may have had, by standing by and permitting the ditch to be located and constructed without objection, and therefore, that equity will not interfere by an injunction to restrain the collection of the cost of the ditch, with which he was properly chargeable, but will leave him to his legal remedy, if he have any.
This principle is recognized and followed in Kellogg v. Ely, 15 Ohio St. 64; Goodin v. C. & W. Canal Co., 18 Ohio St, 169; Richer v. Warner, 22 Ohio St. 275 ; Neff v. Bates, 25 Ohio St. 169; Quintan v. Myers, 29 Ohio St. 500.
This rule is predicated on the fact that the party has slept upon his rights, and has, by neglecting to assert them and by allowing the authorities to go on with the improvement on his land, and presumably for his benefit, placed himself in a position where it would be inequitable to allow him an injunction to restrain the collection of his share of the work.
It is essential to the application of this rule, that the owner should know that the improvement is being made, and have the moans of stopping it, or objecting to it, before the authorities have expended labor or money in its construction.
Without such knowledge, he cannot be charged with neglect or with standing by and permitting the improvement. Stephan v. Daniels, 27 Ohio St. 527.
This rule, that silence or acquiescence may amount to a waiver of the right to an injunction against the collection of the tax or assessment, does not apply -where the improvement is not on the land of the party sought to be assessed. In such case he may have the injunction after the work is completed, unless ho has requested it to be done or promised to pay for it. Wright v. Thomas, 26 Ohio St. 346.
*604 111 the case at bar, the plaintiff was entitled to compensation for his land, and if the statute had provided a constitutional jury to assess the value, he might have waived his right by failing, after being notified, to file his claim therefor, but, as was said in Lamb v. McKee, 4 Ohio St. 167, “ a man cannot be said to have waived a thing which he cannot have, let him demand it ever so stoutly.” His demand would have been fruitless, for there was no law for such a jury as he was entitled to. To compel plaintiff to pay for an improvement made on his land, taken without authority of law, and without an opportunity of asserting his right to compensation, would not be in the interest of justice.
But if we examine the jietition it fails to show, or even to suggest, any fact tending to show a waiver, within the principle of the cases relied on.
It nowhere appears that he knew of the steps taken to construct this ditch, or that he stood by and permitted the work to be done for his benefit. If we look to the petition it is silent as to whether plaintiff had notice or not. If we look to the record and proceedings of the township trustees it also fails to show this important fact. That shows that a petition was filed July 27, 1874, by one Garner, for this ditch, through certain lands, the plaintiff’s included, and that he, on the same day, gave bond as required by the statute, and that the case was set for hearing August 11.
It further shows that a notice, such as the act requires should be given to land-owners, signed by Garner, and dated August 5, was addressed “ To--,” but whether, it was ever served upon Teegarden, or, if so, how, does not appear by affidavit of Garner or otherwise.
August 11, the trustees nipt at the time and place fixed. After this entry on their record: “ we find that legal notice has been given to all the parties,” they proceed to locate and establish the ditch.
Now, legal notice, under this statute may be actual, or constructive merely.
The notice may be given by the petitioner in one of three *605 ways: 1st, by giving him a copy; 2d : if he is a non-resident of the county aud his residence is known it may be sent by mail; and, 3d, if his residence is not known, then by publication for two consecutive weeks in some newspaper of general circulation in the county. 'Whether Teegarden was ' a nonresident of the county does not appear; but it is assumed that he was, from the fact, that upon his failure to do the work allotted to-him a letter was sent to him, addressed to St. Paul, Pickaway county, Ohio, offering him further time, but whether that place was his residence, or whether he ever received this letter, does not appear.
In view of this state of facts we are of the opinion that it does not appear that plaintiff has stood by and permitted this work to be completed without objection.
So far as appears, either from the petition or from the record and proceedings of the township trustees, he had no knowledge of the laying out and construction of this ditch, until he found the amount assessed against him on the tax duplicate.

Judgment of the dist/riet court reversed a/nd of the common goleas affirmed.