Beer, J.
Wellman filed his petition with the township trustees of one of the townships in this county, praying for the location and establishment of a township ditch, and with his petition he filed a bond. The township trustees located and established the ditch as prayed for, and apportioned the same under sec. 4526.
Rice then filed his petition in error in the court of common pleas of this county to reverse the order of the township trustees, assigning for error that:
First — The petition for the ditch is insufficient.
Second — The bond is insufficient.
Third — The record shows that no sufficient notices were given to persons sought to be affected by the location of the ditch, and plaintiff in error was not duly notified.
Fourth — The record shows there was no finding that proper notice had been given.
Fifth — The findings were insufficient to warrant any apportionment to plaintiff in error.
Sixth — No legal apportionment was made.
Seventh — There is no finding that the ditch is necessary, or that it would be conducive to the public health, convenience or welfare.
To this petition in error, Wellman answered that the plaintiff in error had personal knowledge of the pendency of *336 the proceedings before the trustees at the time thereof; that he knew of the apportionment, and stood by while the ditch was being constructed, and refused to perform the part of the work apportioned to him, and that he was benfited by the work done.
The plaintiff in error moved to strike this answer from the files, which motion the court overruled, to which order the plaintiff in error excepted.
The court then proceeded to hear the case upon the petition in error, the answer thereto and the evidence, and found no error in the location and establishment of the ditch, but found error in the order of apportionment, and reversed the apportionment. The court then rendered judgment against each party for the costs by him made, and against the defendant in. error for the costs made upon the petition in error; and one-half of the fees of the officers for subpoenaing the witnesses and the witness fees against each party ; to all of which the plaintiff in error excepted.
To revei-se this judgment of the court of common pleas the plaintiff in error has filed his petition in error in this court. A bill of exceptions was allowed, which shows that the court of common pleas, over the objection of the plaintiff in error, heard testimony for the purpose of proving the issues in the case.
It appears in the record that the plaintiff in error was not notified as required by law of the filing and pendency of the-petition, — that the trustees did not find the ditch to be necessary, or that the notice of the filing of the petition had been given as required by law, and that a portion of the ditch was-apportioned to the plaintiff in error. •
It is assigned for error here that the court erred in refusing to strike the answer from the files; in rendering its judgment for costs, and in finding there was no error in the location and establishment of the ditch.
Did the court err in refusing to strike the answer from the files ? A defendant in error may, in a proper case, show by answer that the errors complained of have been waived, or,. *337 that the plaintiff in error is, in some way, estopped, and may, perhaps, plead other facts in bar. But what are the facts pleaded in this answer ? That plaintiff in error had personal knowledge of the pendency of the petition before the trustees ; that he stood by while the work was being done, and that he was benefited. It is not alleged that any of the work was done on the land of the plaintiff in error. The facts pleaded do not create an estoppel if the trustees were without jurisdiction to locate and establish the ditch. The case is not like that of Kellogg v. Ely, 15 Ohio St. 64, in which it was held u that where a party on whose lands a ditch has been wholly or in part constructed, has stood by and failed to resort to any remedy, legal or equitable, until after the ditch was made, a court of equity will not interfere by injunction to prevent the collection of an assessment levied for its construction, even if it be assumed that the proceedings of the commissioners have so far failed to conform to the provisions of the statute as to render them wholly illegal and void.” In that case the party seeking to enjoin an assessment levied for the cost of constructing the ditch, had stood by, encouraging the contractor to expend his money and labor for the improvement of his (complainant’s) own land. In the case before the court of common pleas for review it was not answered that the ditch had been completed, or that it was located upon the land of the plaintiff in error. That plaintiff in error had personal notice of the pendency of the petition before the trustees gave them no jurisdiction of his person. The facts, therefore, pleaded in the answer to the petition in error, constituted no defense thereto, and the court should have sustained the motion to strike it from the files.
The ditch record shows no finding by the trustees that the ditch is necessary. This court, in the case of Caldwell v. The Trustees of Harrison township, Paulding county, 2 Circuit Court Reports, 10, hold that such finding is necessary, and that the proceedings are void in the absence of such a finding. I read from pages 12 and 13 of the opinion of Judge Baldwin :
*338 “ (3.) It is complained that there is no finding by the trustees that the improvement is necessary. Section 4520 of the Revised Statutes, ás amended March 25, 1884, (81 Ohio L. 11), provides: ‘ If the trustees find that the bond has been filed and notice given, they shall proceed to hear and determine the petition, and shall view the premises along the proposed route, and if they find such ditch to be necessary, and that it will be conducive to the public health, convenience or general welfare, shall proceed to locate and establish the same.’ The finding was that ‘ The said proposed ditch improvement will be conducive to the public health, convenience and welfare.’ There was no finding that it was necessary. We think the fact that the ditch is conducive to the public health, convenience and welfare, does not make ite necessary,’ though it may help to do so. The statute evidently contemplates a possible difference between the two findings, and requires both. It is said the necessity follows the other finding. If a swamp was bounded on one side by a high ridge, it might be drained by tunnelling the hill, and such draining might be conducive to the public health, convenience and welfare, but it would be quite unnecessary if the swamp was naturally drained in the opposite direction. Many cases might be supposed where one of these findings only might be proper. The legislature evidently intended to require both.
“ It is said that the meaning of section 4515 is shown by section 4511. ‘ The trustees of any township may, whenever in their opinion the same may be conducive to the public health, convenience and welfare, cause to be established and constructed, as hereinafter provided, any ditch within such township.’ This section is simply introductory and preliminary to the whole proceeding, and the opinion is a simple political act, but no finding. There is nothing final in it. Having the opinion in section 4511, they can only cause the ditch to be established ‘ as hereinafter provided,’ and before it is established must on view and hearing find the ditch to be necessary. In the case of Sessions v. Crunkilton et al., 20 *339 Ohio St. 348-360, it was held that the findings of the trustees, required by section 4520, as to the filing of the bond and the giving of the notice, are conditions essential and precedent to the establishing of a township ditch, and the proceedings were found to be void, because such finding was not upon the record. An unexpressed opinion that the ditch is necessary is not a finding, and the legislature evidently expected formal action and the record of it.”
jB. B. Kingsbury, for plaintiff in error.
Henry Hardy, for defendant in error.
If is claimed by counsel for defendant in error that the proceedings of the township trustees are not void, and that the court of common pleas had the right under sec’s. 4559 and 4560 to make the order which was made in the case. These sections only include actions or proceedings brought to reverse or enjoin assessments. The proceeding under review is one brought in the common pleas to reverse an order of the township trustees locating and establishing a ditch. The matter complained of is the failure on the part of the trustees to comply with a condition precedent. “A failure to comply with a condition precedent is not a mere irregularity or defect in the proceedings provided for in the curative portion of the act. The irregularity or defect there provided for are such as occur in the exercise of lawful authority.” Welker v. Potter, 18 Ohio St. 85. For the failure of the trustees to find the ditch to be necessary, the order establishing it and all subsequent orders made in the proceedings are void.
The judgment of the court of common pleas will be reversed, and this court proceeding to render the judgment which the court of common pleas should have rendered, reverses the order of the trustees locating and establishing the ditch, and all orders subsequently made.