Minshall, C. J.
We are of the opinion that the petition does not state a cause of action and should have been dismissed. The county had no proprietary interest in the ditch. It belongs to the land owners on whose lands, and for whose benefit it was constructed. The commissioners simply acted as a board before whom the necessary proceedings for the construction of the ditch had, by the statute to be conducted. On the petition of the land owners, or some of them, such proceed *632 ings were had, that an order was made for its location and construction, and an engineer appointed for letting the work, the taking of bonds from contractors, and the superintendence of the work. Sections 4475,4476,4477 and 4478, Revised Statutes. The engineer is required to give bond for the faithful performance of his duties, and this we must presume he did, for there is no averment to the contrary. He is required to give certificates of the work done, on which payments, on the order of the auditor,- are to be made by the county treasurer. The work as done, is first paid for, in this manner, out of the county treasury, and assessments made on the lands, are to reimburse the county for the advancements thus made in the construction of the ditch for the benefit of the land owners. With the fixing of the time for the sale of the construction of the improvement and the appointment of an engineer to superintend its construction, the connection of the county commissioners with the improvement substantially ends. No duties of supervision are imposed on them. The engineer is - required, section 4475, Revised Statutes, to take a. bond from the contractor for the faithful performance of the work according to contract. And this we presume was done, for thére is no -averment to the contrary. By section 4478, it is provided that “a job not completed within the time fixed in the contract and bond,may be reestimated by the engineer, and resold by him to the lowest responsible bidder, or he may complete it at the expense of the contractor and bondsmen. ”
On the -bond given by the engineer, an action may be brought by any person aggrieved by his failure to do his duty, and a recovery had for his *633 use and benefit, section 4494, Revised Statutes; and on the bond given by the contractor, a suit may be brougt by any one who has sustained damages in consequence of the contractor’s failure to perform the work, and a recovery had for his damages, section 4478, Revised Statutes. There is no averment in the petition of any fact that did, or could, have prevented these parties from resorting to the remedy provided therein, on either or both of these bonds. They are not only adequate, but the only remedies they had or have, for the grievances complained of. They do not aver want of knowledge of the matter as the work progressed. It is no doubt in accordance with the fact, that they knew how the work was being done at the time. Here they might, and should have complained to the engineer; and if he continued derelict in his duty, could have caused him to be removed. It was in the power of the engineer to have had the work reestimated and resold, for the neglect of the contractor to complete it. Without doing any of these things or taking any steps to have the engineer removed, or payments or estimates enjoined, they remained inactive, so far as appears from the petition, until the collection of the assessments was about to be made. Under such circumstances, there is no principle of law or equity under which they can be permitted to shift the consequences of their own negligence to the people of the county. Such must be the result, if these assessments are enjoined; for, they say, the work has all been paid for. But the payment was made from the funds of the .county, and the county cannot be reimbursed except by the collection of the assessments. A party appealing to a court of equity must make a case that will recom *634 mend itself to the conscience of the court. Kellogg v. Ely, 15 Ohio St., 64. But our attention is called to section 4491, Revised Statute's, giving the court in which such proceeding is brought, power to enjoin an assessment.- But the power conferred is not an arbitrary one. There must be a reason for the injunction — a case made. This petition, as we have shown, makes none.

Judgment reversed and petition of plaintiff below dismissed.