## ELIAB W. METCALF, TRUSTEE, v. O. F. CARTER, TREAS., ET AL.

**1. IMPROVEMENT ORDINANCE PASSED BY UNANIMOUS VOTE OF COUNSEL.**

Where a street improvement ordinance is passed by unanimous vote of the city council, sec. 2267, Rev. Stat., applies, and a petition, signed by two-thirds of the property owners, is unnecessary.

**2. PERMITTING IMPROVEMENT AND PAYING ASSESSMENTS.**

A property owner having permitted a street improvement to be made without objection and having paid three assessments therefor, is not thereby estopped from contesting the validity of the assessment or from resisting further payments.

**3. FRONT OF CORNER LOT DETERMINED BY PRINCIPAL USE.**

The front of a corner lot occupied by a store building is determined by the front of the main floor or by the principal use of the building, and cannot be assessed beyond the rule in corner lot cases by reason of the use of rooms in the rear with entrances from an area on the side street.

MARVIN, J.

The case of Eliab W. Metcalf, trustee, against O. F. Carter, treasurer, is a suit brought by Metcalf, who is the owner of a lot on which is situated a two story brick business block, on the northwest corner of Broad and Mill streets, in the city of Elyria, which is a city of the second class and third grade. The defendant Carter is the treasurer of such city.

The lot abuts on Broad street twenty feet and two inches; and on Mill street one hundred and sixty-five feet.

The city passed the proper legislation for the improvement by grading, paving and curbing Mill street, and on March 15, 1895, through its council, it passed an ordinance for assessing the expense of this improvement of the street upon the premises fronting upon Mill street; and included as a part of such premises the one hundred and sixty-five feet of the plaintiff's lot which abut upon that street.

The assessment was some $2.97 per foot, amounting in the aggregate on this property to $491.16, divided into six equal payments of something like $81.86 each.

Three of these payments the plaintiff has paid; he declines to pay anything further, and the treasurer is about to proceed, or was about to proceed to enforce the collection of the next assessment, and claims the right and admits that unless restrained he will undertake to enforce the collection of the remaining three assessments.

It is to enjoin the collection of said assessments that this suit is brought.

The first question that arises is as to whether the plaintiff is estopped from prosecuting the action by his conduct in the matter; having known that the assessment was made, how it was made, and having seen the work go on, and having done nothing until he had paid three of the assessments.

Attention is called, in support of this proposition that he is estopped, to Kellogg, Tr., v. Ely, 15 Ohio St., 64, and to Tone v. Columbus, 39 Ohio St., 281. Attention is called specially to what is said on page 301

in the opinion in the latter case. But a later case decided by our Supreme Court, that of Cincinnati v. James, 55 Ohio St., 180, seems to hold distinctly that one may maintain a suit to enjoin further collection, after having paid on the assessments, in a case like this, such an amount as is equal to the entire amount which by law he could be compelled to pay. Under the authority of that case we hold that there was no estoppel.

The next question arises as to whether the legislation was lawful —the legislation by the city council; because of the fact that no petition was filed with the city clerk or other officer of the city for this improvement to be made. That is, no petition by the owners of property upon the street, as provided for in sec. 2305, Rev. Stat. It is clear that no effort was made to comply with that section.

Section 2267, Rev. Stat., provides, that "No public improvement, the cost or part of the cost of which is to be specially assessed on the owners of adjacent property, and no order appointing assessors of damages, or confirming their report, shall be made without the concurrence of the council, and it shall be essential that two-thirds of the whole number of the members elected to the council concur, unless two-thirds of the owners to be charged petition in writing therefor."

In this case there was no petition; but it was conceded, on the hearing here, that the vote of the council for this improvement was unanimous. That being true sec. 2267, Rev. Stat., is the section which applies, and there was no occasion for a petition.

Unless the premises front on Mill street it is conceded that there could be assessed upon this property only the amount that would be determined by allowing the front to be counted as that front which is upon Broad street.

The authorities in this state settle it conclusively, that where a building or property to be assessed for a street improvement is upon a corner, when the street upon the long side of that property is to be improved, if that is not the front, then the assessment shall be as upon a front equal to the real front on the street upon which it does front.

And the question is, as to which street this property fronts upon, or whether it fronts upon both Mill and Broad streets.

The ground floor, the main floor of this building, is a store. That store clearly fronts upon Broad street, and upon no other street; that is conceded by all parties.

There is a basement, to reach which an area is left open, and an area wall built along the entire Mill street side of this building,

Prior to this improvement the rooms, of which there are five in that basement, were used for different purposes.

Largely, but not altogether, the two most northerly ones were used in connection with the store which was kept upon the main floor; the other rooms were rented out for different purposes at different times. Each of these rooms has an outside opening into this area, and has no other outside door. And those doing business with the occupants of these basement rooms, except as to the two rooms used in connection with the store as already stated, entered and passed out of each room by these area doors on the Mill street side of the building.

Before the street improvement the floor of this area and of these basement rooms was about seven feet lower than the surface of Mill street at the south end of the building. Mill street descends gradually

Metcalf v. Carter.

to the north so that at the north end of the building the area and basement floor was about one foot lower than the surface of the street at that point.

There was a stairway leading north from Broad street down into this area, so that all those rooms could be reached by going down that stairway. There was certainly one and probably two stairways on the Mill street side, which led to the west into this area.

The basement was not the chief thing about this building. The chief thing was the store and the rooms above the store, which were reached altogether from Broad street.

The case of Toledo v. Sheill, 53 Ohio St., 447, is much like the present case. There a building stood upon a street corner; the main floor of the building was used as a store, and this store fronted upon Broadway street. The long side of the building was upon Logan street, and it was about 120 feet long. The Broadway street front was to the south and Logan street was upon the east side of the building. At the northeasterly corner of that building there was a doorway which led into a hall from which a stairway led to the upper stories; the third story was occupied as a public hall. To reach that public hall the natural way was to go in at that doorway on Logan street and then up the stairs. It could be reached by going through the store, but it was not occupied in connection with the store, and yet the court held that the building did not front on Logan street.

The same reasons which resulted in so holding, when applied to this case, result in the conclusion that the building of the plaintiff fronts on Broad street and only on Broad street.

It is shown in the evidence that at the north end of this lot there was, for many years, a livery stable, which fronted on Mill street; the portion of the lot so occupied was entirely north of the building which has been erected; that occupancy ceased long before this improvement was made, and the portion of the lot which was north of the building— the building is 110 feet long from south to north—the balance of that lot, fifty-five feet, was inclosed with a tight board fence and used in connection with the store. Since the street improvement was made, a building has been put upon this north portion of the lot, and that fronts for some fifty feet on Mill street.

In Sandrock v. Columbus, 51 Ohio St., 317, it was held that what constitutes the front of a lot as a basis of assessment for street improvements must be determined by the situation as it existed when the improvement was made. In that case the lot was vacant when the improvement was made; two houses were thereafter built, fronting on the street which ran along the long side of the lot. The court held that the erection of these buildings after the improvement could not affect the question of what frontage was to be assessed.

In Toledo v. Sheill, *supra*, the court held that a building upon a corner lot might be so constructed as to front partly upon one of the streets and partly upon the other, and that in such case the front should be determined, so far as the side street, that is, the street on the longest side, was concerned, by the width of that part of the building which fronted upon such street.

But even if we were to consider that the frontage of the new building on Mill street, together with the twenty feet of front which is on

Broad street, should be assessed, still there has been paid more than the taxes legally assessed would be, so that it is not necessary in determining this case to say what would be done if that were not true.

Half of the assessment has been paid, and so much of the street as is north of the brick building added to the front on Broad street would not make enough legally assessed to amount to what has already been paid; that being true, we hold that the plaintiff is entitled to the relief sought, and the injunction is allowed as prayed for.

*C. A. Metcalf,* for plaintiff.

*E. G. Johnson & F. M. Stevens,* for defendants.