## WILLIAM H. MILLIKIN v. GEORGE W. FEARNSIDE, TREAS.

1. ACQUIESCENCE TO DITCH IMPROVEMENT BY SILENCE.

Where an open county ditch, running through the land of plaintiff, is con-structed into a brick sewer, thereby changing it from an open ditch to a closed sewer—and such change being a benefit to the property—one joint owner, after having silently stood by and allowed his land to be so benefited without objection, cannot resist the collection of the assessment therefor, because of irregularity of the proceedings.

[For other cases in point, see 1 Cyc. Dig., "Assessments," §§ 544-599.—Ed.]

2. POWER OF JOINT OWNER TO BIND OTHERS FOR DITCH IMPROVEMENT.

One of five joint owners of a tract of land within a municipality, and who has the actual management and control thereof, may bind his cotenants to a proposed improvement of a county ditch running through the premises by signing a petition therefor.

[Syllabus approved by the court.]

APPEAL from Wood common pleas court.

James & Kelly, for plaintiffs.

J. E. Ladd and E. G. McClelland, for defendant.

PARKER, J.

The case of Millikin v. Fearnside, Treas., is in this court on appeal from the common pleas court of Wood county, in which court the action was brought to restrain the collection of a ditch assessment. It appears that the commissioners of Wood county, upon the petition of one Frank Griffin and others, caused a ditch, originally constructed as a county ditch known as the "Gorrill ditch No. 1133"—to be made by constructing therein a brick sewer, whereby it was substantially changed from an open ditch to a sewer, and whether the whole Gorrill ditch as originally constructed is within the limits of the city of Bowling Green or not is not certain, but we regard it as immaterial.

The lands of the plaintiff, consisting of a large number of city lots located in what is known as the Gorrill addition to the city of Bowling Green were assessed according to benefits for the making of this improvement. A part of this assessment has gone upon the tax duplicate of the county for collection, and this action is brought to enjoin the treasurer from making the collection, and it is alleged that the mayor of the city was not authorized by the council to sign a peti-

tion for this improvement, and that he did not sign the petition; that. no notice of the improvement was served upon the mayor or the municipal authorities as such, and that, in short, no steps were taken in pursuance of Rev. Stat. 4483, 4484, 4485 (Lan. 7667, 7668, 7669) to obtain the co-operation of the city in moving for this improvement or to proceed against the city as such, and it is contended on behalf of the plaintiff that this renders the proceedings so irregular as to make it entirely null and void, and to render the assessment wholly invalid.

It appears that this improvement extends in a direction substantially from a point beginning at about the southern limits of this Gorrill addition and extending through it, passing across a large number of lots and then diagonally across the addition, thereby cutting several of the lots in a diagonal way, then leaving the addition and passing further towards the north. The course of the original ditch was substantially the same. The result of the improvement is that the open ditch crossing these premises no longer remains, but instead, they have a covered sewer.

There is no question made as to the improvement being a valuable improvement for this addition. It is not contended nor pretended that the assessment upon these lots exceeds the benefits to the lots, indeed a witness on behalf of the plaintiff, who is a part owner of the premises, testifies very candidly, that he favored the improvement because he regarded it as a benefit to the property, and it is apparent that it is a benefit to the property; but the whole objection, the whole contention is based upon the ground that the county commissioners were without authority or jurisdiction in the premises and that therefore the proceedings are null and void.

Now it should be remarked that the county commissioners are not without jurisdiction of the subject-matter; in other words the county commissioners are authorized in cases of this kind to construct improvements of this character within the limits of a municipal corporation provided they observe the requirements of the sections of the statute to which I have referred. Those sections are a part of Chap. 6, title 1, Rev. Stat. devoted to county ditches, so it appears to be a case if there was a lack of jurisdiction, it was a lack of jurisdiction over the parties, treating the municipality, the city, as a party, as an entirety as this statute does, in proceedings of this character, and treating the owners of the lots as parties over whom jurisdiction is obtained through the action of the municipal authority, under and in pursuance of the proceedings of these sections of the statute, so it presents a question widely different from that where public authorities act without jurisdiction over the subject-matter. In such a case, that is to say, where there is

no jurisdiction over the subject-matter, the action is generally not only utterly void but incurably so, whereas if the authorities have jurisdiction over the subject-matter but there is some irregularity in the proceedings even to the extent of having to obtain jurisdiction over persons, it is not necessarily true that the action taken by the authorities is so far invalid that it may be disregarded altogether.

As I have stated, the petition for this improvement was signed by Frank Griffin and others. This Gorrill addition was owned by five persons—for convenience, the legal title had been taken by the plaintiff William H. Millikin, but he held it as trustee for the five. Charles H. Draper was one of the five owners; he was also the agent and general manager for the five; the five being called, by themselves at least, "The Gorrill Syndicate." Upon being applied to sign this petition, Mr. Draper signed it as follows: "Charles H. Draper agent for the Gorrill Syndicate." Whether he as agent was authorized to sign this petition may be very doubtful—I think it is—but being a part owner, one of the tenants in common, he seems to have been practically in possession and control and having the management of the affairs of this Gorrill addition syndicate, we think he might sign the petition and bind his cotenants. It is conceded too that notice of the improvement was duly served in pursuance of the statute upon Mr. Millikin by leaving a copy at his residence in this city, and that all of the five owners had knowledge of the progress of the work of this improvement as it was being performed over and across their premises, the Gorrill addition. Whether Mr. Draper was authorized to sign and bind his cotenants or those he represented, and whether legal notice was duly served upon the five or upon Mr. Millikin who had the legal title to this tract, we regard as not very important; the validity of the proceedings, in our view of the matter, does not depend upon that, the validity of the assessment does, not depend upon that. That they had knowledge of the progress of the work over and across their premises, is not disputed. Even if the petition had been duly signed or service duly made, it is doubtful whether that would give the county commissioners sufficient jurisdiction in the premises to proceed within the limits of the municipality, but the important fact is that these owners of those premises knew of the progress of this improvement, and therefore we think that they are bound by this assessment and may not be heard to question it, notwithstanding there may have been the irregularity and notwithstanding there was the irregularity shown with respect to the failure to properly bring in the city as such. We think they are bound by the principle annunciated by the Supreme Court in the case of *Kellogg* v. *Ely*, 15 Ohio St. 64. This is a leading case upon the question involved

Wood County.

and it has been followed by the courts in a great many cases in Ohio, both in the supreme and lower courts and its authority has never been questioned.

The syllabus is:

"Where county commissioners, acting ostensibly under the provisions of the act of March 24, 1859, 'to provide for locating, establishing, and constructing ditches, drains, and water courses,' have established and constructed a ditch, and, to pay for the same, have levied an assessment on the lands of persons benefited thereby: Held, that where a party on whose lands such ditch has been wholly or in part, constructed, has stood by and failed to resort to any remedy, legal or equitable, until after the ditch was made, a court of equity will not interfere by injunction to prevent the collection of such assessments, even if it be assumed that the proceedings of the commissioners have so far failed to conform to the provisions of said statute as to render them wholly illegal and void in law."

It will be observed that this is limited to cases where improvements are made upon lands of persons assessed. The same principle does not apply at all if they are assessed for an improvement that is not upon their lands even though it may be beneficial to their lands. But they could not allow their lands to be benefited by a public improvement and sit by without objection, and afterwards resist the assessment, no matter how irregular or void in law the proceedings may be, and upon the authority of this decision our finding and judgment will be in favor of the defendant, dismissing the petition at the costs of the petitioner.

**Wildman** and **Haynes, JJ.,** concur.