# DISTRICT OF COLUMBIA *v.* WITMER.

CERTIORARI; TAXES; ESTOPPEL.

1. A writ of certiorari, in a case where final judgment has been entered, or where a matter has been finally determined in the lower tribunal, is closely akin to a writ of error. Its issuance rests in the discretion of the court to which application is made. When granted, and the record is certified in obedience to the writ, the questions to be determined must be such only as appear upon the record.

2. A writ of certiorari is proper to bring up for review the legality of a tax assessment made by a taxing board, or a special assessment imposed to reimburse the municipality for money expended by authority of law upon the property burdened with the assessment. (Following *District of Columbia* v. *Burgdorf*, 6 App. D. C. 465.)

3. On certiorari to test the validity of a special assessment tax imposed to reimburse the municipality for money expended to rebuild a defective wall on the premises of the petitioner, who alleges failure of legal notice, which is denied by the answer, an issue of fact is presented which can only be determined from the face of the record. The return only can be looked into to determine the jurisdiction of the taxing officers to make the assessment complained of, and the merits of the case cannot be gone into.

4. One who, with knowledge that work is being done by the municipality upon his property, allows it to proceed to completion, is estopped to resist the special tax assessment imposed therefor, on the ground of the illegality of the proceedings.

No. 2448.   Submitted November 4, 1912.   Decided December 2, 1912.

HEARING on appeal by the defendant from a judgment of the Supreme Court of the District of Columbia granting plaintiff's motion for judgment *non obstante veredicto* in a certiorari proceeding to test the validity of a special assessment.

*Reversed.*

The Court in the opinion stated the facts as follows:

Appellee, Roberta K. S. Witmer, petitioner below, is the owner of certain premises in the District of Columbia, on which the officers of the District declared a wall in plaintiff's building defective, and proceeded to rebuild the wall and assess the cost thereof against the property. Petitioner brought the record of the proceedings to the supreme court of the District of Columbia by certiorari, in order to test the validity of the assessment.

In the petition for the writ, petitioner alleges that the various notices leading up to the proceedings for the condemnation and reconstruction of petitioner's wall were not served upon her, but upon one Abert as her agent, when Abert was not her agent or authorized to represent her in the premises, and that by reason of her failure to have legal notice of the proceedings, the action of the respondent, the District of Columbia, as shown by the record, is without warrant of law.

Respondent answered the petition, admitting that notice was served upon Abert, but alleged that Abert informed "the officials in the building inspector's office of the respondent, before the said notice was served on him, that the petitioner was not in good health, and did not wish to be annoyed with matters in connection with the said building or wall, but that all transactions therewith should be had through him, and then and afterwards did hold himself out to be, and did so conduct himself as if he were, the agent for the said petitioner as to all matters between the said petitioner and the respondent, as to the said property or the condemnation or rebuilding of the said wall on the said premises."

It is also alleged that when notice was served upon Abert to appoint a member of the board of survey, as required by law, and as it was the privilege of petitioner to do, "that the said Abert did not appoint a member of the said board, and informed the building inspector's office that he would not appoint a member of the said board; but he did not say that he was not the agent of the said petitioner or that he had no authority to

appoint a member of the said board; but, on the contrary, did conduct himself as the agent of the petitioner, and respondent believes and avers that he was in fact such agent;" that the result of the board of survey was reported in writing to the commissioners of the District, and "that thereafter a copy of the said report, in writing, was duly sent to and received by the said Abert, as agent for the petitioner, and acting upon the said report the said Abert entered into negotiations with a builder or builders for the repair of said wall, which negotiations were subsequently abandoned, and the said Abert announced to the respondent, through the building inspector, that he would not do the said work of repairing said wall; that thereupon the respondent, as before stated, entered upon the premises and repaired the same."

In the court below the question of Abert's agency was submitted to a jury, which resulted in a verdict in favor of respondent. On motion of plaintiff for a new trial and for judgment *non obstante veredicto,* the court denied the motion for a new trial, but granted the motion for judgment, from which this appeal is taken.

*Mr. Edward H. Thomas,* Corporation Counsel, and *Mr. Francis H. Stephens,* Assistant Corporation Counsel, for the appellant.

*Mr. William Stone Abert* for the appellee.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

It appears that the officials of the District proceeded in the regular course prescribed by statute in the condemnation and reconstruction of the wall and the assessment of the cost thereof against petitioner. Counsel for petitioner indulged in some technical objections to the regularity of some of the steps taken by the officials of the District, but in the state of the record they are without merit, and will not be considered. The sole question upon which the case turns is the sufficiency of

the notice. For an answer we must look to the return. The writ of certiorari, in a case where final judgment has been entered, or where, as in this case, a matter has been finally determined in the lower tribunal, is closely akin to a writ of error. Its issuance rests in the discretion of the court to which application is made. When granted, and the record is certified in obedience to the writ, the questions to be determined must be such only as appear upon the record. The writ is proper to bring up for review the legality of a tax assessment made by a taxing board, or, as in this case, a special assessment imposed to reimburse the municipality for money expended by authority of law upon the property burdened with the assessment. *District of Columbia* v. *Burgdorf,* 6 App. D. C. 465.

In this proceeding, however, we may look to the return only to ascertain the jurisdiction of the officers of the District to make the assessment complained of without going into the merits of the case. In *Ogden City* v. *Armstrong,* 168 U. S. 224, 42 L. ed. 444, 18 Sup. Ct. Rep. 98, when it was sought to enoin an assessment of the city of Ogden, Utah, the court, defining the functions of the writ of certiorari in such cases, said: "That there was no plain and adequate remedy by certiorari would seem to be evident. Upon that writ nothing could have been shown by evidence of facts outside of the record. It is true that, in some ·of the States, provision is made by statute to bring such evidence in, but such is not shown to have been the case here. It is an admitted fact upon the face of the pleadings that the common council actually found that the necessary jurisdictional fact existed, and that such finding was made a matter of record. The plaintiffs alleged in their bill, and the defendants in their answer denied, that the finding of the jurisdictional fact by the common council was an untrue finding. Such an issue required evidence *dehors* the record of the proceedings before the council in order to impeach their finding." There is no statute in this District permitting evidence of controverted jurisdictional facts to be proven outside of the record in a proceeding of this sort.

In the present case, petitioners alleges failure of legal notice,

together with the facts upon which the allegation is predicated. The answer denies such failure of notice, and sets forth the grounds upon which it contends for the sufficiency of notice. An issue of fact is presented, which can only be determined from the face of the record. It is not important that this question was submitted to a jury in the court below, since the court, by entering judgment *non obstante veredicto,* disposed of the case on the record. The question is, Does the record support the judgment? We think not.

The record discloses that notice was sent to Abert on September 8, 1906, calling his attention to the unsafe condition of the wall, and notifying him "to take immediate steps to have the building placed in safe condition, and you are further notified to have the said dangerous wall taken down within five (5) days from receipt of this notice."

Further notice to the same effect was sent Abert on October 26, 1906, which concluded as follows: "Your attention is also invited to the provision of the act of Congress approved March 1, 1899, which provides for a board of survey, in the event that you feel it necessary to appeal from the judgment of the inspector of buildings. At the expiration of forty-eight hours from the receipt of this notice, unless such a board has been constituted, I shall make arrangements to repair this wall, but would not do so while the building is occupied. It would therefore be necessary in the event that the wall is made safe by the District to vacate the premises."

On November 5, 1906, Abert was notified of the action of the commissioners of the District in appointing a member of the board of survey to act with the member to be selected by the owner, as required by statute, adding that, "in the event of your failure to appoint a member of said board of survey within the time specified above, a survey will be made of the wall in question by the inspector of buildings and the person chosen by the commissioners."

On January 4, 1907, the inspector of buildings reported to the commissioners the giving of the notices of September 8th, October 26th, and November 5th, calling attention to the

inspection of the premises by the board of survey and the report that the wall was in dangerous condition, stating further that negotiations had been entered into by Abert in September with one Edmondston to make the wall safe; that Abert requested the building inspector to meet Edmondston and himself at the building and explain the necessary repairs, which was done; that Abert requested the inspector's office to suspend action until after the 13th of October; that no steps were taken thereafter looking to the repair of the wall; that Abert notified the inspector that the reason he could not proceed was that he was unable to make satisfactory arrangements with the tenants occupying the building; that thereafter the board of survey proceeded to condemn the building and notified Abert of the result, and, after taking bids for the repair of the wall, proceeded to the completion of the work. The record then sets forth the special assessment and that on April 5, 1907, service of notice of the same was made upon Abert, with the sworn return of the officer making the service.

We think the record discloses not only that Abert assumed to act as petitioner's agent in the negotiations involved, but that petitioner acquiesced therein, and was fully informed as to what was being done. It is well settled that where the owner has knowledge of work being done by a municipality upon his property, and allows it to proceed to completion, he is estopped to resist the tax assessment on the ground of the illegality of the proceedings. *State, Hampson, Prosecutor,* v. *Paterson,* 36 N. J. L. 159; *State, Youngster, Prosecutor,* v. *Paterson,* 40 N. J. L. 247; *Kellogg* v. *Ely,* 15 Ohio St. 64; *Ross* v. *Stackhouse,* 114 Ind. 200, 16 N. E. 501; Harris, Certiorari, sec. 1903. On the other hand, there is nothing disclosed in the record which negatives the fact of due notice, and, since the record purports verity, we must presume that the municipality proceeded legally until the contrary is established by competent evidence *dehors* the record, which cannot be done in this proceeding.

The judgment is reversed, with costs and the cause remanded with directions to dismiss the petition.     *Reversed.*