## THE BAR OF THE STATUTE AS TO A DEMAND UNDER A CONTRACT.

The Defiance Water Co. v. The City of Defiance.

Decided, June 16, 1903—68 Ohio State, p. 520.

*Enjoinment of Payment Under Contract—Section 1777, Revised Statutes—Application for Injunction—Section 4985, Revised Statutes—Time for Commencing Action for Relief.*

An action under Section 1777, Revised Statutes, to enjoin the payment of a demand arising under a contract, in which the ground for the relief sought is the invalidity *ab initio* of the contract, is barred under Section 4985, Revised Statutes, in ten years from the time the contract was entered into.

Error to the Circuit Court of Defiance County.

This suit was brought on January 4, 1898, by the City Solicitor of the City of Defiance in the name of the city under Section 1777, of Revised Statutes, against the council of the city. The plaintiff seeks to enjoin the council from paying the plaintiff in error, The Defiance Water Co., the sum of $3,142.50, which it alleges is claimed by the water company from the city "for water furnished said city during the latter half of the year 1897." It is alleged that the water company claimed that said sum was due to it in accordance with the provisions of a contract entered into on August 17, 1887, between the city and S. R. Bullock & Co., to whose rights the plaintiff in error succeeded. It is alleged that the contract is illegal on the following grounds: First, that it is for the term of thirty years and not ratified by a vote of the electors of the city; that no certificate had been made by the city clerk that the money required to meet the obligations arising under the contract was in the city treasury to the credit of the fund from which it was to be drawn. Without notice, a temporary injunction was allowed upon this petition by the probate judge. Afterwards in the court of common pleas a general demurrer to the petition was sustained and final judgment rendered in favor of the plaintiff in error dissolving the temporary injunction and dismissing the plaintiff's petition. On appeal to the circuit court the demurrer to the petition was overruled, and after

answer by the plaintiff in error and reply by the defendant in error, the suit came on for final hearing, in which the circuit court found in favor of the city and against the water company. This proceeding in error is brought to reverse the judgment of the circuit court.

*Henry Newbegin* and *Robert Newbegin,* for plaintiff in error.

*George T. Farrell,* City Solicitor, and *Henry B. Harris,* for the defendant in error.

DAVIS, J.; BURKET, C. J., SPEAR, SHAUCK and CREW, JJ., concur. (PRICE, J., not participating).

There are several very interesting legal propositions propounded and defended in this case; but we think that one point in the case is decisive, rendering it unnecessary to consider any of the others. If it be true that the contract between the defendant in error and Samuel R. Bullock & Co, to whose rights thereunder the plaintiff in error succeeded, was invalid for any of the reasons assigned, it is clear that a cause of action to restrain its performance accrued as soon as the parties attempted to enter into it and to act upon it, that is, upon August 17, 1887. An action for relief of the kind sought in this action is barred in ten years. Section 4985, Revised Statutes. This suit was begun January 4, 1898, ten years, four months and seventeen days after the cause of action accrued. Meantime the water company constructed the waterworks at great expense and as it appears from the pleadings, the defendant in error accepted the waterworks under the alleged contract, took possession of and used hydrants as provided, and paid the water rent therefor for several years, without any question being raised as to the legality of the contract or the liability of the city. In fact, although there has been some contention over the validity of the contract since 1896, the defendant in error has used the hydrants and paid the water rents until about the time the present suit was begun. It is a stale equity, if any, which it is now sought to assert. *Kellogg* v. *Ely,* 15 Ohio St., 64. It is true that the object of this action is to restrain the payment of a demand under the contract which only accrued in 1897, and to restrain the payment of any other or further claims; but the ground for the relief

sought, and the sole pretext for refusing to pay for that which the plaintiff below has had and enjoyed, is the alleged invalidity of the contract which it entered into on August 17, 1887, a ground which it might have asserted, and which it was its duty to assert, if at all, long before it did so in this action. There are averments in the reply of unfitness of the water supplied and of the mains, pipes and hydrants being stopped with mud; but these can not be considered as a ground for injunction in this case, because the plaintiff can only recover on the cause of action stated in the petition. *Durbin* v. *Fisk,* 16 Ohio St., 533.

*The judgment of the circuit court is reversed, the demurrer to the petition is sustained and the petition is dismissed.*