CITY OF DEFIANCE v. McGONIGALE.*

(Circuit Court of Appeals, Sixth Circuit. February 2, 1907.)

No. 1,580.

1. APPEAL AND ERROR—REVIEW—EFFECT OF REQUESTS BY BOTH PARTIES FOR DIRECTION OF VERDICT.

Where both parties in an action at law request an instruction directing a verdict, the finding of the court upon the facts is conclusive, and the only question for review by an appellate court is the correctness of the court's finding on the law.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appeal and Error, § 4024.]

2. COURTS—UNITED STATES COURTS—EFFECT OF STATE STATUTE—RECEIVERS—APPOINTMENT.

A state statute prohibiting the appointment of nonresidents of the state as receivers applies only to its own courts, and cannot control the action of a federal court.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 13, Courts, § 902.]

3. MUNICIPAL CORPORATIONS—VALIDITY OF CONTRACT WITH WATER COMPANY—OHIO STATUTE.

Act Ohio May 12, 1886 (83 Ohio Laws, p. 146), authorizing cities of the fourth grade of the second class to contract with the owners of waterworks for water supply for fire purposes, etc., superseded all prior legislation as to cities of that class, and rendered inapplicable thereto the provision of Act Jan. 29, 1885 (82 Ohio Laws, p. 11), requiring such contracts by municipal corporations generally to be submitted to the qualified voters for ratification.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 36, Municipal Corporations, § 739.]

4. COURTS—FEDERAL COURTS—FOLLOWING STATE DECISIONS.

A decision by the Supreme Court of Ohio in a suit brought under Rev. St. Ohio, § 1777, by a city solicitor, to enjoin the further performance of a contract made by the city with a water company and the payment of any money thereunder on the ground of its invalidity, in which the court denied the relief prayed for on the ground that the suit was barred by limitation, and expressed the opinion that the city, by reason of its accepting performance and itself performing the contract for a number of years, was without equity to question its validity, even though not technically operating to render the question of the validity of the contract res judicata, will be given such effect by analogy, and followed by a federal court in a subsequent action at law by the water company against the city to recover rentals under the contract, in which its invalidity is set up as a defense.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 13, Courts, §§ 962, 963.]

Lurton, Circuit Judge, dissenting.

In Error to the Circuit Court of the United States for the Northern District of Ohio.

For opinion below, see 140 Fed. 621.

John H. Doyle and Henry B. Harris, for plaintiff in error.

Henry & Robert Newbegin, for defendant in error.

Before LURTON, Circuit Judge, and SWAN and EVANS, District Judges.

* Rehearing denied March 2, 1907.

150 F.—44

EVANS, District Judge. The plaintiff in error is a city of Ohio of the fourth grade of the second class, and by its council on August 17, 1887, passed an elaborate ordinance granting to Samuel R. Bullock & Co., their associates, successors, and assigns, the right and privilege of erecting, maintaining, and operating a system of waterworks in said city for a period of 30 years. For the purposes of this case it will suffice to set forth part of section 1 and all of section 3 of the ordinance, as follows:

"Section 1. That in consideration of the public benefit to be derived therefrom, the right and privilege is hereby granted for the period of thirty years from the time that this ordinance takes effect, unto Samuel R. Bullock & Co., their associates, successors and assigns, of erecting, maintaining and operating a system of waterworks in accordance with the terms and provisions of this ordinance and such other ordinances as may hereafter be passed from time to time by the said council of said city of Defiance, Ohio, and of using the streets, alleys and public squares and all other public places within the corporate limits of the city of Defiance, Ohio, as they now exist or may hereafter be extended and within such other territory as may now or hereafter be under its jurisdiction, for the purpose of laying pipes, mains and other conduits, and erecting hydrants and other apparatus for conducting and furnishing an adequate supply of good wholesome water to the city of Defiance and to its inhabitants for public and private use, and for making repairs and extension to the said system from time to time during the period of which this ordinance shall be in force."

"Sec. 3. In consideration of the public benefit and of the protection to property resulting from the construction of said system of waterworks, the city council of said city of Defiance, Ohio, hereby rent of the said Samuel R. Bullock & Co., their associates, successors or assigns, one hundred and thirty double nozzle frost-proof fire hydrants for the aforesaid period of thirty years, at the annual rental of forty dollars per year for each hydrant, payable semiannually on the 1st day of January and July in each and every year. The rental of all hydrants in excess of said one hundred and thirty shall be at the annual rate of thirty-five dollars for each hydrant payable as aforesaid during the unexpired period of said term of thirty years. Water shall be used from the said hydrants for the extinguishment of fires and necessary fire practice and flushing sewers, provided that for fire practice and flushing sewers no more than two hydrants shall be opened at one time and only when considered necessary by the chief of fire department and superintendent of waterworks, and also for all sanitary purposes and the washing out of gutters and ditches in the streets of said city under the control of the city council and the superintendent in charge of the works."

In due course the rights of Bullock & Co. were acquired by the Defiance Water Company, which promptly, and within the next 18 months, constructed its works at an expense of about $196,000, and, on the 1st day of March, 1889, began to supply the city with water for fire extinguishing and other necessary purposes, as provided for in the ordinance. More than the 130 hydrants were needed by the city, and from time to time others were supplied by the water company upon the city's request, and all accrued rentals were paid by the city until the semiannual rentals due January 1, 1898, matured. The city of Defiance, through its solicitor, as authorized by the laws of Ohio, on January 4, 1898, instituted an action in the court of common pleas of Defiance county to enjoin the collection of the rentals then due, upon the ground that the ordinance of August 17, 1887, was void, first, because it was never submitted to the qualified voters for ratification, and, second, because the ordinance made a contract for 30 years, when un-

der the laws of Ohio, the city had no power or authority to make one of over 20 years' duration. Possibly there were other objections urged, but only those referred to are now material. That case was litigated in that court and also in the circuit court. Finally it was taken to the Supreme Court of the state, and further along we shall have occasion to more especially refer to what was there determined. However, from and after July 1, 1897, the city, for fire extinguishing and other essential purposes of its own, continued unhesitatingly to use the water supplied by the water company through its hydrants, but refused to pay for any part of it, except $756 thereof, which was paid January 1, 1898. Possibly largely resulting from this course of conduct on the part of the city the water company became unable to pay its debts. The Metropolitan Trust Company of New York having brought an action in equity in the Circuit Court of the United States for the Northern District of Ohio against the company, that court, on March 30, 1901, appointed the defendant in error its receiver, put him in charge of the company's property, and gave him authority, among other things, to institute suits for the collection of debts due it. McGonigale, the receiver thus appointed, alleging himself to be a citizen of the state of Kentucky, brought this action against the plaintiff in error, a citizen of Ohio, for the recovery of the hydrant rentals accruing under the contract between July 1, 1897, and January 1, 1904, less the credit of $756. The trial of the case resulted in a verdict in favor of the receiver for $51,815.80, together with interest upon each semiannual installment from the time it became due and until paid. The plaintiff in error seeks the reversal of that judgment.

1. At the conclusion of the testimony both parties moved the court for a directed verdict. The court overruled that of the defendant, but sustained the motion of the plaintiff, and directed a verdict in his favor for the whole amount claimed in his petition with interest, and a verdict was returned accordingly. In its opinion in Beuttell v. Magone, 157 U. S. 154, 15 Sup. Ct. 566, 39 L. Ed. 654, the Supreme Court said:

"As, however, both parties asked the court to instruct a verdict, both affirmed that there was no disputed question of fact which could operate to deflect or control the question of law. This was necessarily a request that the court find the facts, and the parties are therefore concluded by the finding made by the court, upon which the resulting instruction of law was given. The facts having been thus submitted to the court, we are limited in reviewing its action to the consideration of the correctness of the finding on the law, and must affirm if there be any evidence in support thereof."

This court has frequently enforced this rule, and in disposing of the case before us we are limited to the consideration of the correctness of the result reached by the trial court in its determination of the legal questions involved, as there was evidence to support the findings of fact if the questions of law were correctly decided.

2. Several defenses were interposed by the defendant, only three of which need be noticed. It was objected that the appointment of McGonigale as receiver was void, because he was a citizen of Kentucky, and the statute of Ohio forbids the appointment of any one as receiver in any case in that state who was not a citizen and resident of Ohio. We are clearly of opinion that there is no force in this objection, be-

cause the statute of Ohio cannot control the action of a court of the United States in respect to such matters. The force and effect of the Ohio statute must be limited to the courts of that state, and doubtless that was all that was intended or contemplated by the state Legislature, as it is obviously beyond the power of such body to regulate the appointment of the officers or agents of the courts of the United States. It is not regarded as necessary to cite authorities upon this proposition.

3. The contention is much pressed that the ordinance of August 17, 1887, was void because it was not submitted to the qualified voters of the city for ratification under the act of January 29, 1885 (82 Ohio Laws, p. 11), which provides that:

"Any municipal corporation except cities of the first grade of the first class, shall have power to contract with any individual or individuals, or any other incorporated company, for supplying water for fire purposes, or for cisterns, reservoirs, streets, squares, and other public places within the corporate limits, or for the purpose of supplying the citizens of such municipal corporation with water for such time, and upon such terms as may be agreed upon. Provided, that no such contract shall be executed or binding upon any such municipal corporation until the same shall have been ratified by a vote of the electors thereof, at a special or general election, and such municipal corporation shall have the same power to protect any such water supply and prevent the pollution thereof as though such waterworks were owned by said municipal corporation."

If this act embraced the controlling legislation, it might be said certainly to have required the submission of the ordinance to the qualified voters of the city for ratification; but we think it clear that the act just referred to was not in force as to the grade and class of cities to which Defiance then belonged. In our opinion the act of May 12, 1886, quoad hoc, superseded the previous act, and was the legislation applicable to the ordinance in question. That act (83 Ohio Laws, p. 146) is brief and explicit, and is as follows:

"That all cities of the fourth grade of the second class in which waterworks are now erected, constructed and existing, or in which they may hereafter be erected, whether such waterworks are owned by an incorporated company or by an individual or individuals, shall have the power to contract with such company, owner or owners, of such waterworks for supply of water for fire purposes, streets, squares and other public places within the corporate limits, and for supplying the citizens of such municipal corporation with water, or any or either of them, for any term not exceeding twenty years."

This act does not purport to be, and in our opinion was not intended to be, a mere amendment to the act of January 29, 1885. On the contrary, it was an independent act of the Legislature, and gave to cities of the grade and class to which Defiance then belonged such authority as was necessary to pass a valid ordinance contracting for a supply of water for fire and other public purposes without any submission of the question to the qualified voters of the city.

4. The further and the most material defense was made that the ordinance was void because the city exceeded its powers when it made a contract for over 20 years. It must be conceded that there are cases which so hold, and which go to the extent of avoiding such contracts, ab initio, and not merely for the period in excess of 20 years, and we might feel bound to follow that rule if there were nothing else in the case; but, as before pointed out, the city of Defiance, the plaintiff in

error, on January 4, 1898, brought an action having for its express object the annulment of the ordinance upon the ground that it was wholly void from the beginning, first, because not submitted to the qualified voters, and, second, because the powers of the city did not extend to the making of a contract for over 20 years. The answer in the third defense again presents precisely those objections to the ordinance, and avers:

"(3) Said defendant avers that during the year 1887 and since it was a municipal corporation of the state of Ohio, viz., a city of the fourth grade of the second class. On the 8th day of August, 1887, plaintiff's assignors, Samuel R. Bullock & Co., requested of the city of Defiance a franchise for the right and privilege of constructing and operating a system of waterworks in the city of Defiance, and proposed, if said right and privilege were granted them, to construct a system of waterworks and furnish the city and its inhabitants water for public and private purposes, and submitted to the council an ordinance on the subject. On the 17th day of August, 1887, a draft of an ordinance, entitled 'An ordinance to authorize and provide for the construction and mainte- nance of a system of waterworks in the city of Defiance,' was introduced, and was voted on in and by said council. A true copy of said alleged ordinance is hereto attached marked 'Exhibit A,' and filed herewith. That said alleged ordinance is the ordinance referred to in plaintiff's petition, and by plaintiff alleged to be the contract between this defendant and the Defiance Water Company on which said plaintiff sues, and which by the terms purports to grant a franchise to said Bullock & Co. to operate a water system and charge for water for 30 years in said city, and purports to be a contract for water supply for said city and its citizens for 30 years. Said so-called ordinance is the only ordinance ever passed or published, or attempted to be passed or published, or contract ever made or attempted to be made, by said city or its council, for hydrants or for water supply or water for fire purposes with said Samuel R. Bullock & Co., or relating to hydrant rental or water supply with any one. This defendant does not admit, but denies, that said ordinance was ever passed or contract made by said council, or that it was within the power of said council to make or pass said ordinance, or any ordinances touching or relating to hydrant rental or water supply for said city and its citizens, or either, for 30 years, or for any time exceeding 20 years, and avers that any attempt by said council to legislate or contract touching water supply for said city and its people for a period beyond and in excess of 20 years, made said legislation and contract on said subject of no effect for any length of time and void in toto. Defendant denies that said city or its council, by said alleged ordinance or in any other manner, made any contract or agreement whatever with said the Defiance Water Company or its assignors. This defendant further says that the only laws of Ohio in force at and prior to August 17, 1887, or since, authorizing or empowering the city of Defiance to contract for water supply, were the act of the General Assembly of Ohio passed January 29, 1885 (82 Ohio Laws, p. 11), entitled 'An act to amend section 2434 of the Revised Statutes of Ohio,' and an act of the General Assembly of Ohio, passed May 12, 1886 (83 Ohio Laws, p. 146), entitled 'An act to amend an act to authorize certain cities to contract with water companies passed May 14, 1885.' Defendant says that said so-called ordinance of August 17, 1887, by its terms purports to grant rights to said Bullock & Co. and its assigns, and to enter into a contract with said company and its assigns for supplying said city and its inhabitants with water for public and private use for 30 years, when in fact said city or its council, if they had any power or authority, had no power or authority to grant any water right or to enter into any contract for water supply for a term exceeding 20 years, and then only with a person or company owning a water plant in said city; that said Bullock & Co. or any one else did not, prior to or during the year 1887, or till the year 1889, own a water plant in said city. Until the completion of the Defiance Water Company's system there was no plant or water system in said city of Defiance; that among the chief considerations moving said council to vote for said ordinance were the length

of time said contract 'should run and that the city would have the rental of a large number of hydrants at $35 each, and said city and its people would have a large amount of water without cost for a period of nearly 30 years under said proposed contract; that said alleged contract, if a contract at all, was and is one entire contract for 30 years, and was and is not divisible or severable in point of time, consideration, subject-matter, performance, or otherwise; that said city, council would not have passed said alleged ordinance, had it provided for a supply of water or for hydrant rental for a term not exceeding 20 years. Nor would said city council or said city have made or entered into a contract in its terms and provisions the same as that proposed in said ordinance of 1887, except as to the time to run, for any period not exceeding 20 years or less, would have required and made a different contract. Said alleged contract, or any contract, touching water supply for said city, was never executed, and said alleged ordinance, or any ordinance or resolution or pro-ceedings, touching water supply for said city, never became or was binding or obligatory on said city or its council, for the same never was submitted to the electors of the city of Defiance, or ratified by the vote of the electors of the city of Defiance voting at any special or general election held in said city, and was never submitted to or ratified by said electors at all, but by the terms and provisions of the statutes of Ohio said alleged contract was and is void and of no force; and said city and its council were and are prohibited and barred from making or entering into any such contract or agreement with any water company or any person for hydrant and water supply for said city or its inhabitants for public or private use without such vote of the majority of the electors, ratifying such contract at a general or special election, as said Bullock & Co. and said the Defiance Water Company and plaintiff on said 17th day of August, 1887, and ever since, at all times well knew."

To the defense thus presented, asserting that the ordinance was void for the reasons stated, the plaintiff in his reply pleaded as follows:

"Plaintiff says that the defendant is concluded and barred from the defense pleaded and numbered third in its answer herein filed, wherein defendant avers that the aforesaid contract and ordinance of August 17, 1887, was and is invalid for the alleged lack of ratification by vote of the electors of said city, and that said contract was and is invalid because the same was for a term of 30 years, and because at the date thereof there was no waterworks system built in said city of Defiance, and because the tax rate in said city exceeded the maximum allowed by law; and plaintiff says that said defendant ought not to be allowed to plead all or any of said several matters of defense herein, but defendant is concluded and estopped therefrom, because that heretofore, to wit, on the 4th day of January, 1898, said defendant commenced an action in the court of common pleas of Defiance county, Ohio, a court of competent jurisdiction of the subject-matter of said action, wherein said defendant by its city solicitor, one Edwin A. Latty, was the plaintiff, and the aforesaid the Defiance Water Company and the council of the city of Defiance were the defendants, and said defendants were duly served with process and appeared and submitted to the jurisdiction of the court therein. Said action was brought by said plaintiff against said defendants under section 1777 of the Revised Statutes of Ohio (87 Ohio Laws, p. 122), and the object and prayer of the petition therein was to restrain the performance of the very same aforesaid contract of August 17, 1887, and to restrain the payment to said the Defiance Water Company of any hydrant rentals which might at that time be due under the said contract for water already furnished said city, or which might become due for water thereafter furnished under said contract, including the very same hydrant rentals sued for in this action, to wit, said $3,142.50 already then due and payable, January 1, 1898, of which the aforesaid balance of $2,386.50 is herein sued for, and the aforesaid amounts which became due thereafter until the commencement of this action and which are herein sued for. The ground of said action alleged in the petition therein was the very same alleged invalidity of said contract of August 17, 1887, now pleaded by the defendant, the city of Defiance, as its said third defense, for the reason, as averred in the petition in said action, that said contract was for the term of 30 years and had not been

ratified by a vote of the electors of said city, and that the payment of any sum whatever to said water company under said contract would be a misapplication of the funds of said city and an abuse of its corporate powers, and would constitute the performance of a contract made on behalf of said city in contravention of the laws of the state of Ohio. Said defendant the Defiance Water Company thereupon demurred to said petition on the grounds that the facts as alleged in said petition did not constitute a cause of action, and such proceedings were had therein that by the consideration of the said court of common pleas final judgment was rendered in favor of said defendant the Defiance Water Company, and said action was dismissed. Thereupon said action was duly taken into the circuit court of Defiance county, Ohio, upon appeal by the plaintiff therein, the said city of Defiance, in which court judgment was rendered in favor of said plaintiff therein, the appellant, and against said defendant the Defiance Water Company; and afterwards said action was taken by proceedings in error into the Supreme Court of the state of Ohio, being cause No. 7,574 in said Supreme Court, wherein said the Defiance Water Company was the plaintiff in error and said city of Defiance, by Edwin A. Latty, its city solicitor, and the council of the city of Defiance, were defendants in error, and all of said parties were duly summoned and appeared therein by their respective counsel, and such proceedings were thereupon duly had in said action, according to the law and the practice of said Supreme Court, that by the consideration of said court at the January term thereof, to wit, June 16. 1903. final judgment was rendered therein, in favor of said plaintiff in error, the Defiance Water Company, and against said defendants in error, the city of Defiance, defendant herein, and the council of the city of Defiance, and thereby said judgment of the circuit court of Defiance county, Ohio, was reversed, and the demurrer of the said water company to the said petition was sustained, and costs were adjudged against said defendant the city of Defiance, and said action was dismissed. Said judgment is still in full force and is binding upon the parties hereto. And plaintiff says that the precise question sought to be raised in said third defense was directly raised by said defendant, the city of Defiance, in said former action, and was therein finally determined against said defendant by said judgment of the Supreme Court, to wit, the question whether the alleged invalidity of said contract was a bar to its performance and a valid reason for refusing payment by said city of the hydrant rentals now here sued for in this action: and by said judgment and decision it was finally determined and adjudged between the parties thereto that the validity of said contract of August 17, 1887, could not be questioned by said city of Defiance by reason of any alleged defects ab initio in said contract, and that said defendant, the city of Defiance, was estopped and barred by the laches and delay from contesting the validity of said contract for any such reason, and from preventing the performance of the same, and from refusing to make payment of said hydrant rentals thereunder according to its terms; and plaintiff says that each and all such matters and each and all the matters pleaded in said third defense of the defendant's answer herein are by said judgment of the Supreme Court of Ohio res judicata between the parties hereto. And plaintiff says that said defendant, having invoked the judgment of the courts of Ohio in said former action and having litigated therein the same questions of the validity of said contract now pleaded in said third defense, is now concluded and estopped by said final judgment therein from again litigating or raising the same questions, or any of them, in defense of this plaintiff's action herein."

The case thus described (Defiance Water Co. v. City of Defiance) was finally disposed of by the Supreme Court of Ohio, and its opinion in full, as reported in 68 Ohio St. 520, 67 N. E. 1052, is in this language:

"Davis, J.  There are several very interesting legal propositions propounded and defended in this case; but we think that one point in the case is decisive, rendering it unnecessary to consider any of the others. If it be true that the contract between the defendant in error and Samuel R. Bullock & Co., to whose rights thereunder the plaintiff in error succeeded, was invalid for any

of the reasons assigned, it is clear that a cause of action to restrain its performance accrued as soon as the parties attempted to enter into it and to act upon it; that is, upon August 17, 1887. An action for relief of the kind sought in this action is barred in 10 years. Section 4985, Rev. St. This suit was begun January 4, 1898, 10 years, 4 months, and 17 days after the cause of action accrued. Meantime the water company constructed the waterworks at great expense, and, as it appears from the pleadings, the defendant in error accepted the waterworks under the alleged contract, took possession of and used hydrants as provided, and paid the water rent therefor for several years, without any question being raised as to the legality of the contract or the liability of the city. In fact, although there has been some contention over the validity of the contract since 1896, the defendant in error has used the hydrants and paid the water rents until about the time the present suit was begun. It is a stale equity, if any, which it is now sought to assert. Kellogg v. Ely, 15 Ohio St. 64. It is true that the object of this action is to restrain the payment of a demand under the contract which only accrued in 1897, and to restrain the payment of any other or further claims; but the ground for the relief sought, and the sole pretext for refusing to pay for that which the plaintiff below has had and enjoyed, is the alleged invalidity of the contract which it entered into on August 17, 1887, a ground which it might have asserted and which it was its duty to assert, if at all, long before it did so in this action. There are averments in the reply of unfitness of the water supplied, and of the mains, pipes, and hydrants being stopped with mud; but these cannot be considered as a ground for injunction in this case, because the plaintiff can only recover on the cause of action stated in the petition. Durbin v. Fisk, 16 Ohio St. 533.

"The judgment of the circuit court is reversed, the demurrer to the petition is sustained, and the petition is dismissed.

"Burket, C. J., and Spear, Shauck, and Crew, JJ., concur. Price, J., not participating."

Though it is not necessary to add to what we have already said in reference to the contention that there should have been a submission of the ordinance to the qualified voters for ratification, the question whether the city should be concluded by what was done by the Supreme Court in that case remains to be considered. While its decision mainly rested upon the statute of limitations, yet, as the city had used the hydrants and paid the water rents thereon for many years under the contract, the Supreme Court evidently thought that the refusal at that late day under all the circumstances to further pay for water actually used for so essential a public purpose as fire extinguishment was a repudiation of a debt essentially just, and it said (all the judges concurring except one, who did not participate in the trial) that the city's equity was a stale one, and that it not only might have asserted, but that it was its duty long ago to have asserted, its claim that the ordinance was invalid, if it desired to rely upon that proposition. Indeed, it is manifest that the Supreme Court was of opinion that, if a city in Ohio availed itself of the benefits given by a contract which it considered invalid, it was its duty to take steps in due season to have the question of invalidity litigated, or it could not resist paying for the benefits thus taken. And the statute under which the suit was brought was obviously enacted for the very purpose of enabling a city promptly to invalidate contracts which it claimed it did not have power to make, and it might well be supposed that the legislation thereby afforded an adequate, if not an exclusive, remedy in that behalf. The pronouncement of the Supreme Court of Ohio in that case was in a previous litigation between the city of Defiance and the Defiance Water Company, which company is here

the real litigant, although its business is in the hands of a receiver and representative of the court, who sues in its behalf. The same contentions between the same parties were made as to the invalidity of the ordinance in the suit brought under the statute passed for the purpose of providing a means of testing that question, and the views of the Ohio Supreme Court thereon were announced in the opinion we have fully set out. Whether those views were correct or not we need not and should not inquire, inasmuch as the force and effect of an adjudication do not depend upon the soundness of the judgment rendered. This general and well-settled proposition is referred to in Case v. Beauregard, 101 U. S. 692, 25 L. Ed. 1004, and in Jeter v. Hewitt, 22 How. 364, 16 L. Ed. 345, where it was stated that res adjudicata renders white that which is black and straight that which is crooked. The opinion·of the Ohio Supreme Court covered and expressed the views of that court upon the litigation then before it, and we do not feel at liberty to disregard them in this case, especially as our notions of the merits of the objections of the city to paying for the water it used are quite in accord with what we conceive to have been those of the Supreme Court of Ohio.

The plaintiff in error appears to have gone to the full extent of possibility in its assignment of errors, the number of them stretching to 71; but we need not notice any of them, except as they are involved in the matters we have discussed. With the opinion of the Supreme Court of Ohio before us, what we do is to accept it and the judgment expressly based thereon as binding in this particular case, where the law of Ohio is in question, and, upon a principle analogous at least to that of res adjudicata, to hold that the plaintiff in error is not at liberty at this late day, under all the circumstances of this case, to defeat the payment of the demand sued on by the third defense set up in the answer; and, as this is conclusive of the case, we affirm the judgment of the Circuit Court, with costs.

LURTON, Circuit Judge (dissenting). I agree with the conclusion of the majority that the appointment of McGonigale was not void. I agree, also, that the ordinance was not void because not submitted to a vote of the people. The act of May 12, 1886, was alone applicable to Defiance, that being a city of the fourth grade. I concur with the majority in the view that that act limited the municipal power to a contract for a term not exceeding 20 years. A contract for a term in excess of 20 years is not severable, but is totally void under the well-settled decisions of Ohio applicable to municipal corporations. City of Wellston v. Morgan, 59 Ohio St. 147, 52 N. E. 127. This decision was followed by this court in Manhattan Trust Co., 59 Fed. 327, 8 C. C. A. 140. Similar conclusions have been reached by other appellate courts in respect of such statutes. Humphreys v. Mayor of Bayonne, 55 N. J. Law, 241, 26 Atl. 81; Sullivan v. Bailey (Mich.) 83 N. W. 996; Gaslight & Coke Co. v. City of New Albany (Ind. Sup.) 59 N. E. 176. Neither will an action·upon a quantum meruit lie against an Ohio municipal corporation for work or supplies done in execution of a void contract. Rev. St. Ohio, § 1693; City of Wellston v. Morgan,

65 Ohio St. 219, 62 N. E. 127. In that case the Ohio court held that there is no implied liability in respect to matters which should be the subject of contract, and that to state a good cause of action in matters ex contractu the petition must declare upon a contract made and entered into according to the statute.

I confess to the view in respect to the merits of this case entertained by the court below and by my colleagues here, but see no way of avoiding a reversal of this case under the Ohio law. In the case last cited, where the merits were equally as strong for the plaintiff, the Ohio court said:

"Persons dealing with officers of municipalities must ascertain for themselves and at their own peril that the provisions of the statute applicable to the making of the contract, agreement or obligation have been complied with."

This view foreshadows my disagreement with the majority of the court in respect to the only ground upon which a judgment of affirmance is rested—the plea of a former adjudication of the matter here in issue. The judgment in the case styled Defiance Water Co. v. City of Defiance is reported in 68 Ohio St. 520, 67 N. E. 1052. That was an equitable suit brought under section 1777 in the name of the city solicitor of Defiance against the city council and the waterworks company, the plaintiff in this suit, suing by its receiver. That section of the Ohio Revised Statutes in respect of the duties of city solicitors as it then read was as follows:

"He shall apply to a court of competent jurisdiction for an order or injunction to restrain the misapplication of funds of the corporation, or the abuse of its corporate powers, or the execution or performance of any contract made in behalf of the corporation in contravention of the laws or ordinances governing the same, or which was procured by fraud or corruption."

The object of that suit was to have the ordinance here involved declared void for the identical reasons urged in this case, and to enjoin the council from paying money then due under the ordinance or from in any way carrying out the contract. In the circuit court the ordinance was held void and an injunction allowed as prayed. If this judgment had been affirmed in the Supreme Court upon the ground of the invalidity of the ordinance, or if relief had been denied because the ordinance was valid, there would clearly be an estoppel by judgment; for the thing adjudged would be the validity or invalidity of the very contractual ordinance here involved between the same parties or their privies. But that was not the thing adjudged. The judgment of the circuit court was reversed, and the petition was dismissed, because the special, statutory, equitable relief by injunction was held to be barred by delay; the statute of 10 years being applicable. Under rule 6 of the Supreme Court of Ohio (67 N. E. vii) the decision and opinion of the court is found only in the syllabus of the case. The syllabus in question reads as follows:

"An action under section 1777, Rev. St., to enjoin the payment of a demand arising under a contract, in which the ground for relief sought is the invalidity ab initio of the contract, is barred under section 4985, Rev. St., in 10 years from the time the contract was entered into."

Neither is the opinion of Judge Davis inconsistent, nor broader than the syllabus. He starts out by saying that "there are several very interesting questions propounded and defended in this case; but we think that one point in the case is decisive, rendering it unnecessary to consider any other." That which follows is a consideration of the defense of the statute of 10 years' limitation. The judgment dismissing the petition must be considered in the light of the opinion of the court, that we may see the ground upon which the judgment proceeded and the extent to which it is an adjudication. The question of the validity of the contractual ordinance was not decided in that case. The question of the statute of limitations, which was the only thing there adjudged, is not here involved. It is impossible that the judgment in that case, which only denied equitable relief because of delay in applying for that kind of relief, shall operate to defeat a subsequent action at law against which no statute has run. It may be that the city had delayed application too long to secure equitable relief without cutting itself off from defense upon the merits when subsequently sued at law.

The case of Cramer v. Moore, 36 Ohio St. 349, and the cases there cited, contains a sensible view of the effect of a denial of affirmative equitable relief upon a subsequent action at law.