INTERSTATE LIFE ASSUR. CO. v. DALTON.

(Circuit Court of Appeals, Sixth Circuit. November 23, 1908.)

No. 1,804.

1. APPEAL AND ERROR (§ 997*) — REVIEW—FINDINGS OF FACT—EFFECT OF MOTIONS FOR DIRECTION OF VERDICT.

The effect of motions by both parties for the direction of a verdict is to withdraw the case from the consideration of the jury and submit it to the court to find the facts; and an appellate court in reviewing the action of the lower court is limited to a consideration of the correctness of its finding on the law, if there is any evidence in support of the finding of fact.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4023, 4024; Dec. Dig. § 997.*]

2. INSURANCE (§ 184*)—VALIDITY OF CONTRACT—DISCRIMINATION BETWEEN INSURANTS—KENTUCKY STATUTE.

Ky. St. 1903, § 656, which prohibits any life insurance company from making any distinction or discrimination between persons insured in the amount of premiums or rates charged to persons of the same class and

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

equal expectation of life, etc., does not invalidate a policy because the agent returned to the insured a part of the first premium paid, which belonged to himself as a commission.

[Ed. Note.—For other cases, see Insurance, Dec. Dig. § 184.*]

3. INSURANCE (§ 443*) — CAUSE OF LOSS — LIFE INSURANCE—DEATH IN VIOLATION OF LAW.

To defeat a recovery on a life insurance policy on the ground that at the time of his death the insured was carrying a concealed weapon in violation of Ky. St. 1903, § 1309, it must be shown not only that the offense was being committed, but, further, that it brought about the death of the insured.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 1149; Dec. Dig. § 443.*]

In Error to the Circuit Court of the United States for the Western District of Kentucky.

Charles Martindal, for plaintiff in error.
R. A. Miller, for defendant in error.

Before LURTON, SEVERENS, and RICHARDS, Circuit Judges.

RICHARDS, Circuit Judge. The case below was a suit to recover on a $10,000 life insurance policy, which the defendant below wrote on the life of the plaintiff's husband.

It appears that the deceased, Dalton, was accidentally shot and killed within a year after the writing of the policy. The payment of the policy was resisted on the grounds: First, that the insurance company did not receive the entire amount due for the first premium, but only $20 thereof in cash, and in lieu of the balance accepted a note which was never collected, thus being guilty of the offense prohibited by section 656 of the Kentucky Statutes of 1903, forbidding any rebating; and, second, that the insured came to his death while violating section 1309 of the Kentucky Statutes of 1903, prohibiting him from carrying concealed upon his person a deadly weapon. At the conclusion of the testimony, both parties moved the court for a directed verdict. The court, after considering the motions, delivered an opinion overruling the motion of the defendant below and sustaining that of the plaintiff, and directed a verdict in favor of the latter for the amount sued for.

The effect of the result of these motions was the withdrawal of the case from the consideration of the jury, and a submission of it to the court, the latter being requested to find the facts; and this court in reviewing the action of the lower court is limited to a consideration of the correctness of its finding on the law, if there is any evidence in support of the finding of fact. Anderson v. Messenger, 158 Fed. 250, 85 C. C. A. 468; Beuttell v. Magone, 157 U. S. 154, 15 Sup. Ct. 566, 39 L. Ed. 654; City of Defiance v. McGonigale, 150 Fed. 689, 80 C. C. A. 425.

With respect to the claim that the premium, with the exception of $20, was rebated, which invalidated the policy, the court below found, as a matter of fact, that under the testimony the claim was not sus-

tained.   Section 656 of the Kentucky Statutes of 1903, forbidding discrimination and rebates, reads as follows:

"No life insurance company doing business in Kentucky shall make or permit any distinction or discrimination in favor of individuals between insurants of the same class and equal expectation of life in the amount or payment of premiums or rates charged for the policies of life or endowment insurance, or in the dividends or other benefit payable thereon, or in any other of the terms and conditions of the contracts it makes; nor shall any such company or any agent thereof make any contract of insurance or agreement as to such contract, other than is plainly expressed in the policy issued thereon; nor shall any such company or agent pay or allow, or offer to pay or allow, as inducement to insurance, any rebate of premium payable on the policy, or any special favor or advantage in the dividends or other benefit to accrue thereon, or any valuable consideration or inducement whatever not specified in the policy contract of insurance.   Every company, or officer or agent thereof, who shall violate the provisions of this section, shall be fined in any sum not exceeding five hundred dollars, to be recovered by action in the name of the commonwealth, and, on collection, paid into the state treasury."

The testimony would bear the construction that the general course of business pursued by the insurance company was such that the agent was entitled to a certain percentage of the premiums, which he retained as his own, and which in this case was much larger than the so-called rebate.   It was possible for the court to find that the insured paid to the agent the customary premium, and that the latter returned to him a part of his commission, and also paid to the insurance company the full amount of the premium due to it on such an insurance. It might be that another construction would be a more reasonable one, but that would not justify the reversal of the finding of the court upon a question of fact.   The finding of the court must be interpreted as a finding that the agent gave to the insured a part of his own money, and not a part of any money belonging to the company.   We do not think that such a case is within the prohibition of the statute.

With regard to the second, the court took the view that there was no evidence in the record to show that Dalton lost his life while carrying concealed upon or about his person a deadly weapon.   There was no testimony whatever to show that the deceased was carrying the pistol, whose discharge brought about his death, concealed upon his person.   There is nothing to show that the pistol was concealed; and, if it was concealed, there is nothing to show that the death of the deceased was due to its concealment.   Now, to sustain this defense it is necessary to show that the offense of carrying a concealed weapon was being committed, and, further, that that offense brought about the death of the deceased.

Judgment affirmed.