ALEXANDER LANDAU, Appellant, v. NEW YORK
LIFE INSURANCE COMPANY, a corporation,
and GEORGE C. STINDE, Respondents.

St. Louis Court of Appeals.   Opinion Filed June 4, 1918.

1. **LIFE INSURANCE:** Premiums: Rebates: Validity of Policy: Con-
struction of Statute.  Although section 6934, R. S. 1909, prohibits
discriminations and rebates or any special favor as an induce-
ment to the taking out of a policy of life insurance, and section
6935 provides a penalty for the violation of section 6934, yet where
a policy of insurance is executed and delivered, the contract of in-
surance itself is neither illegal nor void, even though the insured
is promised a rebate on the premiums.

2. ———: ———: ———: **Premiums not Recoverable.**  When insured
received in consideration of his premiums paid, valid policies of
insurance, he cannot recover the premiums or any part thereof.

Appeal from the Circuit Court of the City of St. Louis.
—*Hon. Wilson A. Taylor,* Judge.

AFFIRMED.

*Rippey & Kingsland* for appellant.

(1) Under the statutory law of this State life in-
surance companies, their officers, agents, solicitors or
representatives are inhibited from offering to pay, al-
low or give, directly or indirectly, as an inducement to
insurance, any rebate or premium on the policy, and a
penalty is provided for the violation of this inhibition
as against the Insurance Company, its agents, solicitors
or representatives.  Sec. 6934, 6935 R. S. 1909.  (2)  A
policy procured upon an offer to pay, allow or give a re-
bate of premium payable on the policy is illegal, and
the policy is void. Downing v. Ringer, 7 Mo. 585; Live
Stock Association v. L. & C. Co., 138 Mo. 394; Tri-City
Amusement Co. v. Forest Park Highlands Amusement
Co., 192 Mo. 404; Heffom v. Daly, 133 Mich. 613; Urwan
v. Northwestern National Life Insurance Co., 125 Wis.
349; Cassidy v. American Insurance Co., 72 Ind. 95;

Tillinghast v. Craig, 17 Ohio C. C. 531. (3) When a suit is not based upon the illegal contract or when the parties are not *in pari delicto* any sum paid out as a result of the illegal contract may be recovered in an action for money had and received. Third National Bank v. St. Charles Savings Bank, 244 Mo. 554; Howell v. Stewart, 54 Mo. 400; Union National Bank v. Lyons, 220 Mo. 538; United States Shoe Machinery Co. v. Ramlose, 231 Mo. 508; Lasswell v. Lee, 236 Fed. 322; 9 Cyc, 551, sec. c; 9 Cyc, 252 sec. d.

*Jones, Hocker, Sullivan & Angert* for respondent, New York Life Ins. Co.

*James H. McIntosh,* Of Counsel.

(1) Section 6934, Revised Statutes 1909, merely prohibits the allowance of rebates on premiums; it does not invalidate the policy of insurance on which a rebate of premium has been allowed, and the policy itself is valid. Laun v. Pacific Mutual Life Ins. Co., 131 Wis. 559, 9 L. R. A. (N. S.) 1204; Commonwealth Life Ins. Co. v. Bowling, 114 S. W. 327; American National Ins. Co. v. Brown, 201 S. W. 326; Amarillo Ins. Co. v. Brown, 166 S. W. 658; Way v. Lumber Co., 74 Wash. 332; Security Ins. Co. v. Costner, 63 S. E. 304; Meridian Life Ins Co. v. Dean, 62 So. 90; McNaughton v. Des Moines Life Ins. Co., 140 Wis. 214, 122 N. W. 764. (2) If the policy in suit is rendered illegal and void under section 6934, Revised Statutes 1909, as contended by appellant, because of an agreement to allow a rebate of premium thereon, then the plaintiff cannot recover back the premium paid on such policy because the illegal contract was executed. Skinner v. Henderson, 10 Mo. 205; Ullman v. St. Louis Fain Assn., 167 Mo. 273 287; Equitable Life Ins. Co. v. Wetherill, 127 Fed. 944.

BECKER, J.—Plaintiff seeks to recover of the defendant $1374.75 as for moneys had and received. The petition alleges that the defendant George C. Stinde act-

ing for and on behalf of the defendant New York Life Insurance Company, procured from the plaintiff certain applications for policies of insurance to be issued by the defendant New York Life Insurance Company, on the life of the plaintiff, and, as a direct inducement for plaintiff's taking out the insurance defendant Stinde offered to pay, allow or give to plaintiff a rebate on the premiums payable on said policies; that plaintiff paid to the defendant New York Life Insurance Company $1374.75 as a first premium payable on the purported policies of insurance issued to the plaintiff in pursuance to the applications procured as aforesaid. The petition further alleges that the said policies issued under these circumstances were illegal and void and therefore that no consideration passed to the plaintiff for said sum of money paid by him as premiums therefor; that the plaintiff returned the policies to the defendant New York Life Insurance Company and demanded a return of the money paid by him as the first premiums on the alleged invalid policies of insurance, but that defendant failed and refused to pay the plaintiff said sum or any part thereof.

The defendants filed separate demurrers, each defendant predicating its separate demurrer on the ground that the petition failed to state facts sufficient to constitute a cause of action. These demurrers were sustained by the court. The plaintiff stood on his petition and refused to plead further and final judgment was entered on the demurrers in favor of the defendants; whereupon plaintiff brings this appeal.

The sole proposition presented to this court for determination is the question of the sufficiency of the petition to state a cause of action against either or both of the defendants. To determine this question it will be necessary that we construe sections 6934 and 6935, Revised Statutes of Missouri, 1909, upon which sections plaintiff must rely to warrant a recovery on his part.

Section 6934 prohibits discriminations and rebates or any special favor as an inducement to the taking out of a policy of life insurance. By one of the provisions of

this section life insurance companies, or any officer, agent, solicitor or representative thereof are prohibited from paying, allowing or giving, or offering to pay, allow or give directly or indirectly, as inducements to insurance, any rebate of the premium payable on the policy. Section 6935 provides as a penalty for the violation of any of the provisions of section 6934 by any insurance company, the revocation of its license to do business in the State and the barring of such guilty company for a period of five years from the further transaction of any business in this State, and further provides that any agent who shall violate any of the provisions of said section shall be deemed guilty of a misdemeanor and on conviction thereof shall be fined not less than $50 or more than $500 for each offense, or imprisonment in the county jail for not less than thirty days nor more than six months, or by both such fine and imprisonment.

It is argued by learned counsel for appellant that the penalty inflicted by the statute implies a prohibition against the writing of any insurance upon a promise to rebate a part of the premium, and that policies of insurance entered into in violation of such prohibition of the statute are absolutely void even though the statute itself does not mention that the policies so issued shall be void.

After carefully considering the statute and the undoubted intention of the legislators who enacted the same, and considering the said sections in light of the recognized rules of judicial construction, we cannot hold that a policy of insurance which has been duly executed, delivered and accepted by the insured and the first premium for such policy paid for, is void by reason of the fact that the insurance company or its representatives promised to give the insured a rebate of part of the premium paid for such insurance.

The wording of the statute is plain that it is intended not to prohibit the writing of life insurance but that it prohibits the promising and giving of rebates on premiums. We concede at the outset that any contract en-

tered into or note given for a rebate would be absolutely void because the statute prohibits the promising or giving of any rebate. But it does not follow from that, that the policy of insurance is void.

It will be noted that the statute places a penalty upon the insurance company or its agent or representative who violates this statute but provides no penality for the insured. To hold the policies of insurance illegal or void, as contended for by appellant, would result in invalidating many contracts of life insurance aggregating perhaps thousands of dollars on which the insured have paid many years' premiums, and this because an agent of the company which issued the policies had, with or without the knowledge of the officers of the company, granted a rebate out of the agent's commission of part or all of the first or other premiums.

We are unwilling to hold the Legislature intended that an insurance company, where a policy has been issued and some part of the premium returned or rebated, should be permitted to proceed for years thereafter to accept the premiums called for under the policy and then upon the demise of the insured be permitted to deny any liability under the policy on the ground that it was void *ab initio* because a rebate had been allowed the insured upon his original or other premium in violation of the statute. Nor can we conceive that it was intended that an insured who had received a rebate, should be permitted at any time within the period limited by law for the commencement of such action, to recover all premiums which the insured may have paid upon the policy because of his having received such rebate, to the disadvantage of the others insured in such company who had conformed to the law and paid the full amount of the prescribed premiums. To hold otherwise would be to reward the very violators of this statute and that too at the expense of those who strictly adhered to the law.

"Insurance companies are engaged in a public business, and upon grounds of public policy insurance contracts that may, in preliminary verbal arrangements be-

tween the soliciting agent and the insured, have been taint-
ed with the vice of rebating, should, when fully executed
and reduced to writing be held valid as between the in-
sured and the insurance company, neither of them being
allowed to defeat the contract in any part upon the ground
that it was secured in the manner stated in violation of
the statute. [Laun v. Pac. Mutual Life Ins. Co., 131
Wisc. 555, 111 N. W. 660, 9 L. R. A. (N. S.) 1204; Quigg
v. Coffy, 18 R. I. 757, 30 Atl. 7947; Rideout v. Mars, 99
Miss. 199, 54 South. 801; Security Life & Annuity Co. v.
Costner, 149 N. C. 293, 63 S. E. 304; Interstate Life As-
surance Co. v. Dalton, 165 Fed. 176, 91 C. C. A., 210, 23
L. R. A. (N. S.) 722; American National Insurance Co.
v. Brown (Ky. App.), 201 S. W. 326.]

"When the purpose of a statute is . . . a regula-
tion of a traffic or business, and not to prohibit it al-
together whether a contract which violates the statute
shall be treated as wholly void will depend on an inten-
tion expressed in the particular statute. Unless the con-
trary intention is manifest the contract will be valid."
[Sutherland, Statutory Construction (2 Ed.), sec. 503.]

It is plain that the purpose of our statute is to reg-
ulate contracts of insurance and not to prohibit them.
It is equally clear that the statute does prohibit and ren-
der void all rebating agreements. Had the Legislature so
intended, the statute could have provided that the policy
or contract of insurance be void or nonenforceable.
The statute is silent as to what effect the violation of the
statute shall have upon any policy of insurance that may
have been fully executed and delivered. It would thus
seem that the insured can be required to pay the full
amount of the premiums, whilst the agent or company
guilty of the rebating can be punished under the statue.
Under such a construction of the statute the full purpose
of the law is carried out and the ends of justice subserved
without invalidating the policy of insurance itself.

We therefore hold that, considering the object of this
legislation, its effect upon the nonoffending policy-holders
and beneficiaries, and having in mind the particular penal-

ties provided therein for any violation thereof, the contract of insurance itself is neither illegal nor void. Plaintiff received, in consideration of his premiums paid, valid policies of insurance and consequently he cannot recover the premiums or any part thereof. It follows that plaintiff's petition fails to state a cause of action and the court properly sustained the separate demurrers of each of the defendants. The judgment is accordingly affirmed. *Reynolds, P. J.,* and *Allen, J.,* concur.