## MOORE v. FAIN.

### (Circuit Court of Appeals, Sixth Circuit. June 29, 1918.)

### No. 3140.

APPEAL AND ERROR ☞866(3)—REVIEW—ACTION ON MOTIONS TO DIRECT VERDICT.

Where both parties moved court to instruct verdict, thereby affirming there was no disputed question of fact, and necessarily requesting court to find the facts, they are concluded by finding made by trial court, and appellate court is limited, in reviewing its action, to consideration of correctness of finding on law, and must affirm, if there is any supporting evidence.

In Error to the District Court of the United States for the Eastern District of Tennessee; Edward T. Sanford, Judge.

Action by Dan Lucian Fain against G. C. Moore. To review judgment for plaintiff, defendant brings error. Affirmed.

John C. Ramsey, of Cleveland, Tenn., and Sizer, Chambliss & Chambliss, of Chattanooga, Tenn., for plaintiff in error.

Littleton, Littleton & Littleton, of Chattanooga, Tenn., for defendant in error.

Before WARRINGTON and DENISON, Circuit Judges, and WALTER EVANS, District Judge.

WALTER EVANS, District Judge. Dan L. Fain, who will in this opinion be called the plaintiff, instituted this action in the court below for the recovery of $10,000 damages against G. C. Moore, who will be called the defendant. The declaration averred that the plaintiff was a citizen of Georgia, but afterwards the court, upon the plaintiff's consenting, granted him leave to so amend his pleading as to aver that when the action was instituted and at the time of the injuries complained of he was a citizen of Florida. He alleged that while on a train en route from Knoxville to Chattanooga, Tenn., he was unlawfully and without probable cause arrested by defendant on the 15th day of September, 1914; that he was removed from the train at Cleveland, Tenn., and taken before a justice of the peace there; and that after certain proceedings before that officer he was

placed in the county jail and there confined until the next morning, when he was released from custody. The continuation of this confinement during the entire night, however, was somewhat his own fault, as the court below thought, inasmuch as he did not avail himself of the opportunities afforded during the night of proving that he was not one Frank C. Smith, for whose arrest a reward had been publicly offered, and who the defendant in good faith supposed the plaintiff to be when the arrest was made.

By the plea in abatement, as amended, the defendant, a citizen of Tennessee, claimed that the court below had not jurisdiction of the action because, as the plea alleged, the plaintiff, when the suit was begun, was also a citizen of that state, and not a citizen either of Georgia or Florida. The defendant also filed a plea of not guilty, upon its being agreed of record that this should not be treated as a waiver of the plea to the jurisdiction of the court, and it was further agreed that the cause might be proceeded with both upon the plea to the jurisdiction and upon the merits.

A jury was thereupon sworn, and the testimony of both parties fully heard. At its close the plaintiff and defendant each moved the court to instruct the jury to return a verdict in his favor. The court, after full consideration, charged the jury as follows:

"I therefore direct you to return a verdict that you find the issues for the plaintiff, and assess the damages at $750, and return the verdict accordingly."

The verdict followed this direction. We think this situation brought the case within the rule stated by the Supreme Court in Beuttell v. Magone, 157 U. S. 154, 157, 15 Sup. Ct. 566, 567 (39 L. Ed. 654), where it was said:

"The request, made to the court by each party to instruct the jury to render a verdict in his favor, was not equivalent to a submission of the case to the court, without the intervention of a jury, within the intendment of Rev. Stat. §§ 649, 700. As, however both parties asked the court to instruct a verdict, both affirmed that there was no disputed question of fact which could operate to deflect or control the question of law. This was necessarily a request that the court find the facts and the parties are, therefore, concluded by the finding made by the court, upon which the resulting instruction of law was given. The facts having been thus submitted to the court, we are limited in reviewing its action, to the consideration of the correctness of the finding on the law, and must affirm if there be any evidence in support thereof. Lehnen v. Dickson, 148 U. S. 71 [13 Sup. Ct. 481, 37 L. Ed. 373]; Runkle v. Burnham, 153 U. S. 216 [14 Sup. Ct. 837, 38 L. Ed. 694]."

The rule thus established was followed by this court in City of Defiance v. McGonigale, 150 Fed. 689, 691, 80 C. C. A. 425, Bank v. Maines, 183 Fed. 37, 41, 105 C. C. A. 329, and other cases. The qualification of the general rule suggested by Judge Severens in delivering the opinion of this court in Minahan v. Grand Trunk Ry. Co., 138 Fed. 37, 70 C. C. A. 463, and which seems to have met the approval of the Supreme Court in Empire Cattle Co. v. Atchison Ry. Co., 210 U. S. 1, 8, 28 Sup. Ct. 607, 52 L. Ed. 931, 15 Ann. Cas. 70, obviously does not apply here, because no other instruction was asked by either party.

There was conflict in the testimony upon both pleas of the defendant, but certainly there was testimony which would support a finding of the essential facts upon which the question of citizenship involved in the plea to the jurisdiction must rest, and also testimony which would support the finding upon the issues raised by the plea of not guilty. This being true, both parties, as held by the cases supra, were bound by findings which cover the issues of fact. The trial court under the motions to instruct had the power to decide that the plaintiff was a citizen of Florida, and further that on the facts disclosed and found by the court the plaintiff was entitled to recover damages for the injuries complained of, though it might admit of doubt whether it was not the function of the jury and not of the court thereafter to assess the damages. However, we express no opinion upon this proposition, because in open court the defendant waived all exception to that part of the court's charge, and we cannot on the record say that the damages assessed were excessive, as claimed by the defendant.

Various other errors were assigned, but under the view we take of the case no useful purpose would be served by discussing them.

The judgment of the court below is affirmed, with costs.