## O. L. Smith v. State.

No. 24587. January 11, 1950.

No attorney for appellant of record on appeal.

*George P. Blackburn*, State's Attorney, Austin, for the state.

GRAVES, Judge.

Appellant, an adult male, was charged with the commission of an aggravated assault upon a child, and by a jury assessed a penalty of one year and one day in jail.

The little girl alleged to have been assaulted was a deaf and dumb child, five years of age. The testimony shows that the child and her mother were at a neighbor's home assisting in giving a permanent wave to the hair of Mrs. Smith, the appellant's wife. Appellant was also present at that time. The mother of

the deaf child observed appellant with her child in his lap and appellant's hand under the little girl's panties, and his trousers were open. Whereupon being thus observed, appellant started to go into the bath room nearby and was followed by this mother who was berating him. He then slammed the door of such room in her face. The child's mother then made some statements relative to what she saw and evidently threatened appellant with her husband, the child's father.

There was no denial of such actions upon the part of appellant, he not taking the stand, although his sole witness, who was his wife, said she did not see any such occurrence and that she was present at all the time inquired about.

The trial court charged the jury relative to the alleged offense and also relative to the failure of the defendant to testify. He further told the jury that this fact should not be alluded to, commented upon, or discussed by them in their retirement.

Bill of Exceptions No. 1 relates to a refusal of the trial court to grant a peremptory instruction acquitting the appellant. This was properly overruled.

Bill No. 2 complains of the following remarks of the Assistant District Attorney, Joe Goodwin, in his opening argument to the jury, wherein he said:

"Gentlemen of the Jury, Notice the defendant as he sits there and wrings his hands and his appearance before you during this trial. This you can consider."

Upon an objection to such a reference to the defendant's failure to testify, the trial court instructed the jury not to consider the same, but appellant reserved an exception thereto.

We have heretofore held in Thomson v. State, 44 S. W. 837, that the District Attorney, in commenting upon the suspicious action of the accused while his wife was on the stand, was not improper, provided the accused acted in a suspicious manner. His conduct was before the jury and subject to their observation.

Again, in Norris v. State, 64 S. W. 1044, the prosecuting attorney, in his closing argument, remarked:

"Look at him, gentlemen, (pointing at defendant)—the size of his hands, and how he crouches in his chair like some wild animal, as he has done all through this trial. You have a right to look at him, and judge of his actions."

· Thereupon the trial court stopped the attorney and instructed the jury not to consider the remarks, as was done in the present case, and such was not held to be reversible error.

In the case of Borrer v. State, 83 Tex. Cr. R. 198, 203 S. W. 1003, the following remarks were not a cause for reversal when withdrawn by the court:

"Look at his face. You have a right to look at his face. Gentlemen of the jury, that man is mad right now."

Such remarks were withdrawn by the trial court, as were those herein complained of. We see no error shown herein. While the remarks should have been better left unsaid, still we do not think same to be reversible error.

Bill No. 3 relates to the following occurrence: While the jury was deliberating on their verdict, they communicated in writing with the judge thereof as follows:

"Could the jury if they found the defendant guilty suspend his sentence and could they recommend medical treatment?"

The trial court answered such query by saying, "That this was not within the province of the jury."

No objection was made nor exception taken relative to the above proceedings at such time, but in the motion for a new trial, such action on the part of the jury was set forth as misconduct thereof. Five of the jurors were placed upon the stand, and they seem to have found appellant guilty of having assaulted this child; that there then arose some discussion as to the penalty; that each juror who was questioned seemed to have classified appellant as a sexual pervert, and that it was a consensus of opinion that he was in need of the treatment of a psychiatrist or other person who was familiar with the approved methods for the treatment of such perverts. They all thought him to be sexually abnormal but nevertheless guilty of having fondled the person of the child; and so, in an endeavor to find if they had any power to commit this appellant to some institution for treatment, they addressed this query to the county judge. Upon his answer to them as above outlined, they found a verdict and returned same into court. The only objection raised to such conduct was that no issue of insanity was made herein, and no sexual abnormality pleaded nor offered, and such bill claims that such discussion on the part of the jury was an allusion to and a comment by such jury upon the defendant's

failure to testify herein. We find no such allusion nor comment, and see no error shown in such bill and proceedings.

It is, and should be, a matter of common knowledge that a normal adult male person would not fondle the privates of a female child of the age of five years; and in the event of such fondling being shown, we fail to see how any other impression could be made upon a normal person than that such an act evidences sexual abnormality. However, the law provides no other punishment save that of a fine or imprisonment or both for an offense as here shown; and the effort of the jury to invoke further remedial measures, while worthy of commendation, was not provided for by law and was ineffective.

We see no error shown herein, and the judgment will be affirmed.